Casimer URBAN, Jr., Appellant

v.

UNITED NATIONS.

Casimer URBAN, Jr., Appellant

v.

UNITED STATES of America, et al.

Casimer URBAN, Jr., Appellant

v.

UNITED NATIONS, et al.

Casimer URBAN, Jr., Appellant

v.

UNITED NATIONS, et al.

Casimer URBAN, Jr., Appellant

v.

WORLD GOVERNMENT OF WORLD CITIZENS, et al.

Casimer URBAN, Jr., Appellant

v.

U.S.A. JUDICIAL BRANCH, et al.

Casimer URBAN, Jr., Appellant

v.

U.S.A. (STATES), et al.

Casimer URBAN, Jr., Appellant

v.

U.S.A. EXECUTIVE BRANCH, et al.

Casimer URBAN, Jr., Appellant

v.

U.S.A. EXECUTIVE BRANCH, et al.

Casimer URBAN, Jr., Appellant

v.

U.S.A. EXECUTIVE BRANCH, et al.

Casimer URBAN, Jr., Appellant

v.

U.S. CONGRESS

Casimer URBAN, Jr., Appellant

v.

U.S.A.

Casimer URBAN, Jr., Appellant

v.

U.S.A. CONGRESS.

Casimer URBAN, Jr., Appellant

v.

U.S.A. CONGRESS.

Casimer URBAN, Jr., Appellant

v.

U.S.A. CONGRESS.

Casimer URBAN, Jr., Appellant

v.

UNITED NATIONS.

Nos. 85–5215 to 85–5218, 85–5313 to 85–5324.

United States Court of Appeals, District of Columbia Circuit.

Motions Filed May 28, 1985.

Decided Aug. 2, 1985.

Casimer Urban, Jr., pro se, was on the appellant's motion to expedite and for a change of venue.

ON APPELLANT'S MOTIONS TO EXPIDITE AND FOR A CHANGE OF VENUE.

Before WRIGHT, WALD and EDWARDS, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

## I.

The 16 separate cases comprising this consolidated appeal were filed by *pro se* litigator Casimer Urban, Jr., against a variety of real and imaginary government defendants including the "United States of America Judiciary Branch," the "United States of America Executive Branch" and the "World Government of World Citizens." Each of these *in forma pauperis* complaints was *sua sponte* summarily dismissed by the District Court as frivolous, pursuant to the provisions of 28 U.S.C. § 1915(d) (1982).[1] Timely notices of appeal

---

1. 28 U.S.C. § 1915(d) provides in pertinent part:

The court ... may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

were filed, and on April 5, 1985, this court, on its own motion, consolidated these cases into a single appeal. Mr. Urban thereupon filed 16 separate motions for expedition and for a change of venue to allow the appeals to be heard in a nationally televised jury trial before the Supreme Court. For the reasons stated below we deny appellant's motions for change of venue and expedition, *sua sponte* dismiss this consolidated appeal as frivolous and further enter an injunctive order designed to stem the rising tide of frivolous litigation brought by Mr. Urban.

## II.

In only the first three months of 1985, Mr. Urban filed 28 separate appeals in this court. While the actions have named a diverse group of defendants,[2] they each share common attributes: irrationality, incoherence and a complete lack of any substantive allegations over which this court might maintain jurisdiction. For example, in his first visit to this court, Mr. Urban sought an emergency stay of the second inauguration of President Reagan. Revealing himself at that time to be a self-proclaimed presidential candidate, Mr. Urban cited his residency in the Milkyway Galaxy as a jurisdictional basis for that action. The district court, after granting Mr. Urban leave to proceed *in forma pauperis*, *sua sponte* dismissed the complaint as frivolous. A panel of this court denied the emergency motion for stay, and, on its own motion, dismissed the appeal as frivolous. *See Urban v. U.S. Government*, No. 85–5117 (D.C.Cir. Feb. 11, 1985) (unpublished order) (citing 28 U.S.C. § 1915(d) (1982); *Brandon v. District of Columbia Board of Parole*, 734 F.2d 56, 59 (D.C.Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 811, 83 L.Ed.2d 804 (1985)).

Since that initial appeal, Mr. Urban has come before this court with 27 new appeals and over 50 motions. Eleven of those appeals were summarily dismissed as frivolous on the court's own motion; the re-

maining 16 are before the court today. Upon careful consideration of the numerous allegations contained in these appeals, we find them to be specious, lacking even "an arguable basis in law and fact," thereby warranting summary dismissal. *Brandon*, 734 F.2d at 59.

 In No. 85–5315, *Urban v. U.S.A. (States)*, Mr. Urban apparently demands that an unspecified state or governmental entity pay his living and working expenses while he does battle against injustice. Appeal No. 85–5316, *Urban v. Executive Branch*, involves Mr. Urban's suit to "solve all issues" and "list (49% ...) on the Stock Market Exchange." In these, as in all of Mr. Urban's actions, the court is unable to hazard even the most elementary guess as to the relief Mr. Urban seeks, at a loss to decipher the nature of the claims pursued, and unable to discern a plausible nexus between the complaint and the named defendants. To chronicle further the remainder of this litigant's fanciful allegations would be to unjustifiably devote more time than is warranted to these wholly meritless actions. We therefore hold that, there being no bases upon which to grant the motion to expedite or the motion to change venue, those motions are denied. We find further that the appeal is frivolous and, accordingly, *sua sponte* dismiss these actions. 28 U.S.C. § 1915(d); *Brandon*, 734 F.2d at 59 ("Dismissal of *pro se* suits under the frivolous standard [is] ... reserved for those cases in which there is indisputably absent any factual and legal basis for the asserted wrong.").

## III.

 The disposition of this appeal does not end our task. At the current rate of filings, we can now expect to receive over 100 appeals from Mr. Urban in the next year. The problem we face today—that of a *pro se* litigant flooding the court with meritless, fanciful claims—is by no means new to this circuit. The burden on the system when "[f]aced with just one litigant

---

**2.** Mr. Urban has brought suit against the U.S. Government, the Executive Branch, Congress, the Judiciary, the United Nations, the Indians and the World Government of World Citizens.

who has a fanatical desire to flood the courts—a litigant armed with materials paid for by the state, an *in forma pauperis* statute, and the United States Constitution—" has been catalogued in several previous opinions and will not be recounted here. *In Re Green*, 669 F.2d 779, 786 (D.C.Cir.1981). Suffice it to say that, in dealing with such a litigant, the court "has an obligation to protect and preserve the sound and orderly administration of justice...." *In Re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir.1984).

Courts in this and other circuits have been required to respond to prolific *pro se* litigants with "determination and imagination." *In Re Green*, 669 F.2d at 786. For in fashioning a remedy to stem the flow of frivolous actions, a court must take great care not to "unduly impair[ ] [a litigant's] constitutional right of access to the courts." *Id.* "It is axiomatic that no petitioner or person shall ever be denied his right to the processes of the court." *In Re Carl Clovis Green*, 598 F.2d 1126, 1127 (8th Cir.1979) (en banc). Yet, it is now also well settled that a court may employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of justice. *See, e.g., In Re Martin-Trigona*, 737 F.2d at 1261 (affirming in part district court order granting injunction against vexatious *pro se* litigant); *In Re Green*, 669 F.2d at 787 (ordering district court to enjoin *pro se* litigant from filing suit without leave of the court); *Ruderer v. United States*, 462 F.2d 897, 899 (8th Cir.), *cert. denied*, 409 U.S. 1031, 93 S.Ct. 540, 34 L.Ed.2d 482 (1972) (enjoining *pro se* litigant from filing further suits relating to discharge from army).

In light of Mr. Urban's fast growing track record of frivolous suits, and bearing in mind the need to protect the orderly administration of justice while preserving a party's access to judicial processes, we hereby enter the following order:

## INJUNCTION

Mr. Casmier Urban Jr., is hereby enjoined from filing any civil action in this or any other federal court of the United States without first obtaining leave of that court. In seeking leave to file, Mr. Urban must certify that the claim or claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court. He must also certify that the claim or claims are not frivolous or taken in bad faith. Additionally, the motion for leave to file must be captioned "Application Pursuant to Court Order Seeking Leave to File." Mr. Urban must either cite or affix a copy of today's order to that motion. Failure to comply strictly with the terms of this injunction will be sufficient grounds for denying leave to file.

We are confident that this injunction satisfies all relevant constitutional and statutory concerns. The order in no way interferes with Mr. Urban's right to file bona fide lawsuits; it merely requires that his *pro se* complaints, accorded a traditionally liberal reading, raise at least a colorable claim.

Should subsequent events establish that Mr. Urban's litigious conduct is undeterred by this order we of course remain free to modify this order to provide for the possibility of contempt sanctions. *See, e.g., In Re Green*, 669 F.2d at 787.