872 F.2d 496
 277 U.S.App.D.C. 61
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
J.W. KAEMPFER, et al.
v.
Philip J. BROWN, et al., Appellant.
 No. 88-7102.
 United States Court of Appeals, District of Columbia Circuit.
 May 2, 1989.
 
 Before SPOTTSWOOD W. ROBINSON, III and SENTELLE, Circuit Judges*.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came on to be heard on an appeal from the United States District Court for the District of Columbia and was argued by counsel. The court has determined that the issues presented occasion no need for a published opinion. See: D.C.Cir. Rule 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED by this court that the judgment of the District Court from which this appeal has been taken is affirmed.
 
 
 3
 It is FURTHER ORDERED, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 Appellants, Philip J. Brown, William J. Brown, and B & W Management, Inc. (collectively "the Browns" or "Appellants") seek to overturn a decision of the District Court enjoining them from (1) prosecuting in the Superior Court of the District of Columbia an action entitled Philip J. Brown, et al. v. American Security Bank, NA, Civil Action No. 7403-87 (the "Superior Court Action") and (2) commencing future actions against or serving legal process upon American Security Bank ("ASB") without the District Court's prior approval. Finding no error in either part of the injunction, we affirm.
 
 1. Discussion
 
 5
 Because the facts of this matter are fully set out in the District Court's opinion, Kaempfer v. Brown, 684 F.Supp. 319 (D.D.C.1988) and because we do not contemplate publication of this opinion, we will not include a recitation of background, but will reference only facts necessary to this decision. This action arises out of a bankruptcy proceeding (made unduly complicated by the tactics of the Browns) and specifically involves an adversary proceeding between J.W. Kaempfer, Jr., the Kaempfer Company, 1250 24th St. Associates, Ltd. Partnership, and 1240 25th St. & Land Partnership (collectively "Kaempfer") against the Browns seeking a declaratory judgment that Kaempfer's acquisition of an interest in property located at 1250 24th St., N.W., previously owned by a decedent of the Brown individuals, was proper in all respects. In their answer, the Browns asserted a counterclaim against Kaempfer and named as additional counterdefendants ASB and an attorney for the estate of the decedent neither of whom was a party to the action. The counterclaims alleged tortious interference with a contractual right. On November 3, 1986, ASB filed a motion to dismiss the counterclaim on grounds, inter alia, that (1) Appellants had failed to properly join ASB as an additional party defendant to the counterclaim, (Fed.R.Civ.P. 19) and (2) Appellants had failed to allege facts sufficient to state a claim for relief against ASB (Fed.R.Civ.P. 12(b)(6)). The Browns represented to the Court that they would cure the procedural defect by moving to join ASB pursuant to Fed.R.Civ.P. 19 & 20 and argued that their counterclaim did state a claim for relief. Over six months later, the Browns had still taken no action to cure the procedural defect, and the Court dismissed the action on both procedural and Rule 12(b)(6) grounds. Less than two months later, the Browns filed the referenced action in the Superior Court of the District of Columbia, reasserting exactly the same claims the District Court had previously dismissed.[1] ASB sought the protection of the District Court. The District Court issued the two-part injunction prayed.
 
 
 6
 A. The Injunction Against the Superior Court Litigation
 
 
 7
 Appellants contend that the District Court's injunction of the Superior Court litigation was barred by the Anti-Injunction Act, 28 U.S.C. Sec. 2283 (1982), which specifies that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."[2] We disagree. The District Court had the authority to issue the instant injunction under the well-established "re-litigation exception" to the Anti-Injunction Act. See Atlantic Coastline R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 295 (1970). Most recently, the Supreme Court stated in Chick Cam Choo v. Exxon Corp., 468 U.S. ----, 108 S.Ct. 1684 (1988) that "[t]he re-litigation exception was designed to permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court. It is founded in the well-recognized concepts of res judicata and collateral estoppel." 468 U.S. at ----, 108 S.Ct. at 1690. Since the insufficiency of the claim for relief in the present action had been "presented to and decided by the federal court," the re-litigation exception applies here and the District Court did not err in granting the injunction.
 
 
 8
 Appellant argues that the adequacy of the claim for relief was not actually decided by the District Court because the District Court "lacked jurisdiction." The only jurisdiction even arguably lacking was personal jurisdiction over ASB. The Court indisputably had subject matter jurisdiction, had personal jurisdiction over the parties asserting the alleged claim for relief, and had jurisdiction over the specific question by reason of the Rule 12(b)(6) motion made by the (perhaps) otherwise absent party. The parties now reasserting the claim and attempting to escape the bar were plainly before the Court. Those parties further treated the issue as decided when they filed a motion in the District Court to reconsider the 12(b)(6) decision following the dismissal. Additionally, any lack of jurisdiction over the person of ASB was known to the Court, and the Browns were given six months to cure it before the dismissal, which by its terms and full discussion dealt with the question of the sufficiency of the claim for relief. Therefore, we conclude that the applicability of the re-litigation exception to the present case is not barred by the proposition from our decision in Stebbins v. Keystone Ins., Co., 481 F.2d 501 (D.C.Cir.1973), that only "essential" grounds for decision can be used as collateral estoppel, either by any lack of personal jurisdiction or for any other cause. Id. at 507.
 
 
 9
 B. The Injunction Against Further Litigation
 
 
 10
 Likewise, the second portion of the District Court's injunction is without error. As we held in Urban v. United Nations, 768 F.2d 1497, 1500 (D.C.Cir.1985), "it is now ... well settled that a court may employ injunctive remedies to protect the integrity of courts and the orderly and expeditious administration of justice."
 
 
 11
 While we renew our caution in In Re Powell, 851 F.2d 427 (D.C.Cir.1988), that " '[w]e expect that injunctions against litigants will remain very much the exception to the general rule of free access to the courts,' " id. at 434 (brackets in original), (quoting Pavilonis v. King, 626 F.2d 1075, 1079 (1st Cir.1980)), this is the exceptional case where an injunction is not unwarranted. In the present case, although decided before Powell, the District Court, consistent, with our admonition in Powell, (1) created an adequate record for review; (2) provided notice and an opportunity to be heard; and (3) made substantive findings as to the frivolous and harassing nature of the litigants' actions. 851 F.2d at 431. Granted, in Powell we stressed that "the number and content of the filings bear on a determination of frivolousness and harassment." Id. at 434. The Browns' assertions of claims do not equal, indeed approach, the number of cases filed by either Powell or Urban. Nonetheless, viewed in the "totality of circumstances" we cannot say that the District Court improperly concluded that the Browns actions were harassing. Though the number of cases is not great here, as the District Court properly noted, the number of filings within a single case was. The Browns filed a "myriad of motions," a majority of which "have simply lacked merit." Kaempfer v. Brown, 684 F.Supp. 319, 324 (D.D.C.1988). The Court found on ample record evidence "that the purpose of many of the motions was not, as defendants assert, to vigorously promote their legal rights, but rather to 'torpedo' the 1250 24th Street project, or to make plaintiffs' efforts to develop the property as costly and burdensome as possible." Id. at 324-25. These findings, together with others contained in the District Court's opinion, support the conclusion required by Powell that "the 'orderly and expeditious administration of justice' has been so impeded as to require such an extreme sanction." Powell, 851 F.2d at 434 (quoting Urban, 768 F.2d at 1500).
 
 
 12
 Further, the Court's injunction permits the Browns' access to the Court upon a certification that any new actions against ASB are not arising from "the fact situation at issue in their counterclaim; that the claims which they raise have never before been decided by this or any other court; and that they are not filed for the purpose of harassment." Kaempfer v. Brown, 684 F.Supp. at 325-26. These certifications are not in any improper way more burdensome than the certifications normally required by the provisions of Rule 11 of the Federal Rules of Civil Procedure.
 
 II. Conclusion
 
 13
 While we do not encourage the use of the extreme sanction employed by the District Court, in this case we cannot find that its imposition constituted reversible error. Therefore, the judgment of the District Court is affirmed.
 
 
 14
 It is so ordered.
 
 
 
 *
 Judge D.H. GINSBURG did not participate in this decision
 
 
 [1]
 The Superior Court complaint contained some additional rhetoric but nothing stating any new or independent claim
 
 
 [2]
 It is not crystal clear that the term "State court" as used in this section applies to the courts of the District of Columbia. The District of Columbia Court Reorganization Act of 1970, Pub.L. No. 91-358, Sec. 172, 84 Stat. 473, 591-92 (1970) specified that the term "State court" included the courts of the District in certain chapters of Title 28 of the United States Code: Chapter 81, Section 1257; Chapter 133, Section 2113; Chapter 85, Section 1363; and Chapter 89, Section 1451. The status of the courts of the District of Columbia for abstention/anti-injunction purposes under Sec. 2283 in Chapter 155 has not been definitively determined. Since we decide that the instant Superior Court action was enjoinable in any event, we join a line of cases declining to decide the status of the District of Columbia courts as "State courts" for these purposes. E.g., Pernell v. Southall Realty, 416 U.S. 363, 368 n. 4 (1974); Family Div. Trial Lawyers v. Moultrie, 725 F.2d 695, 701 n. 7 (D.C.Cir.1984); and Spivey v. Barry, 665 F.2d 1222, 1229 & n. 16 (D.C.Cir.1981)