966 F.2d 702
 296 U.S.App.D.C. 182
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Jibril L. IBRAHIM aka Grant Anderson, Appellant,
v.
UNITED STATES of America, et al.
 No. 91-5033.
 United States Court of Appeals, District of Columbia Circuit.
 June 19, 1992.
 
 Before WALD, D.H. GINSBURG and SENTELLE, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the district court's order filed January 31, 1991, denying Ibrahim's Rule 60(b) motion, be affirmed. Reviewing the court's order for abuse of discretion, see Browder v. Director, Illinois Dep't of Corrections, 434 U.S. 257, 263 n. 7 (1978); Lepkowski v. United States Dep't of Treasury, 804 F.2d 1310, 1312 (D.C.Cir.1986), it is clear that Ibrahim's complaint was properly dismissed as frivolous. A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). See also Denton v. Hernandez, 60 U.S.L.W. 4346 (U.S. May 5, 1992).
 
 
 3
 None of Ibrahim's claims has an arguable basis. His claim for damages against Magistrate Judge Primomo is barred by the doctrine of judicial immunity. Judges enjoy absolute immunity from damages claims for acts taken in their judicial capacities. Forrester v. White, 484 U.S. 219, 225-29 (1988). Ibrahim has alleged no facts indicating that the magistrate judge acted other than in his judicial capacity. Ibrahim's claim for damages against the United States is barred by the doctrine of sovereign immunity, which prohibits suits for damages against the government absent an express waiver of immunity, and no such waiver exists here. See Clark v. Library of Congress, 750 F.2d 89, 102-04 & n. 31 (D.C.Cir.1984). Finally, since the district court for the Western District of Texas ruled on his habeas corpus petition in September 1990, there is no declaratory or injunctive relief which the court could provide.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.