Grant ANDERSON, Appellant

v.

DISTRICT OF COLUMBIA PUBLIC DEFENDER SERVICE, et al.

No. 91–7040.

United States Court of Appeals,
District of Columbia Circuit.

Nov. 16, 1992.

Before EDWARDS, D.H. GINSBURG and RANDOLPH, Circuit Judges.

JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. It is

ORDERED AND ADJUDGED that that portion of the district court's order filed February 12, 1991 dismissing Anderson's claims against the Office of the Bar Counsel be affirmed substantially for the reasons stated by the district court. *See Anderson v. D.C. Public Defender Service*, 756 F.Supp. 28, 31 (D.D.C.1991). It is

FURTHER ORDERED AND ADJUDGED that that portion of the district court's February 12 order dismissing Anderson's claims against Buchanan and DiFonzo for failure to meet the heightened pleading standard be vacated and that the case be remanded for further proceedings. Because Buchanan and DiFonzo are not public officials and because they "are not immune from liability under [42 U.S.C.] § 1983 for intentional misconduct, 'under color of' state law, by virtue of alleged conspiratorial action with state officials that deprives their clients of federal rights," *Tower v. Glover*, 467 U.S. 914, 923, 104 S.Ct. 2820, 2826, 81 L.Ed.2d 758 (1984), the heightened pleading standard does not govern the claims against them. *See Hunter v. District of Columbia*, 943 F.2d 69, 75–76 (D.C.Cir.1991) (noting that "social

cost of distracting government officials with litigation" and "propriety of the qualified immunity analysis ... underpin[ ] the heightened pleading requirement"). The district court should decide in the first instance whether, using the correct legal standard, the claims against Buchanan and DiFonzo have any merit. We express no view on this issue.

The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C.Cir. Rule 15.