Grant **ANDERSON**, Plaintiff,

v.

**D.C. PUBLIC DEFENDER SERVICE,**
et al., Defendant.

Civ. A. No. 90–2090–LFO.

United States District Court,
District of Columbia.

March 7, 1995.

Grant Anderson, Lorton, VA, pro se.

Curtis Lu, Latham & Watkins, Washington, DC, for plaintiff (appointed for Injunction only).

Thomas Brent Mason, Gregory H. Gust, Zuckerman, Spaeder, Goldstein, Taylor & Kolker, Washington, DC, for Avis Buchanan.

J. Herbie DiFonzo, Alexandria, VA, defendant pro se.

### MEMORANDUM

OBERDORFER, District Judge.

Prior to June 16, 1993, plaintiff Anderson had filed numerous complaints in this and other courts against judges, lawyers, and others who had participated in his 1988 prosecution and conviction for crimes of violence. On June 16, 1993, I issued an injunction prohibiting plaintiff from filing any further complaints with this Court without first seeking and obtaining leave to file. The Court of Appeals, however, held that such an injunction should not have been entered without first giving this incarcerated plaintiff an opportunity to be heard on the issue. On remand, appointed counsel filed briefs for plaintiff and represented him at a hearing with regard to whether, and if so, upon what conditions, an injunction is appropriate in this case. Upon careful consideration of the voluminous record and other relevant materials, I find that the injunction should remain in effect. In order to facilitate the appeal process which will inevitably follow this decision, the history of this protracted case is chronicled in some detail below.

I

On September 7, 1988, a jury convicted plaintiff of assault with intent to commit rape while armed, two counts of first degree burglary while armed, and assaulting, resisting, or interfering with a police officer with a dangerous weapon. *See Anderson v. U.S.*, D.C. Court of Appeals Memorandum Opinion No. 88–1522 (Feb. 28, 1990). On November 28, 1988, plaintiff's counsel filed a notice of

appeal. Plaintiff's convictions, with the exception of one of the burglary charges, were affirmed by the District of Columbia Court of Appeals on February 28, 1990. *See id.*

On April 6, 1990, plaintiff filed in the D.C. Superior Court a *pro se* motion to vacate sentence, arguing that he was denied effective assistance of counsel. *See U.S. v. Anderson,* Criminal No. F–7226–88, Memorandum Opinion and Order of July 26, 1990, at 9. The Superior Court reviewed plaintiff's ineffective assistance claims [1] and found them "wholly without merit." *Id.* at 11. Plaintiff's motion to vacate sentence was denied in a considered Memorandum Opinion and Order dated July 26, 1990, which noted that "[a]ll of [Anderson's] assertions that his trial counsel was ineffective and/or deficient are unsubstantiated by the record and transcripts of the trial proceeding below." *Id.* at 13.

Plaintiff next argued that the mandate affirming his convictions should be withdrawn because of the ineffectiveness of his appointed *appellate* counsel. That request was denied by the D.C. Court of Appeals on July 19, 1990. On August 8, 1990, plaintiff's motion for expansion of the record and for appointment of counsel was denied by Judge Cushenberry because "no useful purpose would be served by granting the request for expansion or for appointment of counsel since the Court

has already denied [plaintiff's] Motion to Vacate after a careful review of the trial record." *See* Affidavit of DiFonzo, Att. to Motion to Dismiss, at 5, quoting Order of August 8, 1990.[2]

On August 27, 1990, plaintiff filed this action against the D.C. Public Defender Service, the D.C. Office of Bar Counsel, Mark Rochon (original appointed counsel who represented plaintiff through presentment), Avis Buchanan (subsequently appointed counsel who represented plaintiff through indictment, trial and sentencing), and J. Herbie DiFonzo (appellate counsel, appointed by the D.C. Court of Appeals).[3] In his complaint, plaintiff alleged, *inter alia,* "ineffective assistance of trial lawyer Buchanan and appellate attorney DiFonzo" and "criminal conspiracy of the plaintiff to deprive him of his rights to resort to remedy." Complaint at ¶ 10. Specifically, plaintiff claimed that Buchanan failed to interview witnesses, failed to explore inconsistencies in the testimony presented by the Government, and misquoted evidence in her summation.[4] *Id.* at ¶ 12. He claimed that DiFonzo: (i) failed to pursue the theory that Anderson was intoxicated at the time of the crimes and, therefore, could not formulate the requisite intent to commit them; and (ii) refused to charge that the trial transcripts were falsified.[5] *See id.* at ¶ 13. In addition,

---

1. Judge Cushenberry reviewed plaintiff's ineffective assistance claims even though he had "failed to raise them on his direct appeal and shown no 'exceptional circumstances' justifying his failure to do so." July 26, 1990 Memorandum Opinion at 11.

2. It should also be noted that "the Office of Bar Counsel conducted a preliminary inquiry into Plaintiff's allegations of ethical misconduct" on the part of defendant attorneys. Plaintiff was notified that "based upon Bar Counsel's preliminary inquiry there was no reasonable basis for opening an investigation against the attorneys complained of in plaintiff's complaint." Memo in Support of D.C. Bar Counsel's Motion to Dismiss, at 1–2.

3. James Klein was initially appointed to represent plaintiff on appeal; however, after plaintiff lodged charges of ineffective assistance against Rochon and Buchanan, Klein was permitted to withdraw. The Court of Appeals then appointed appellate counsel from outside the Public Defender Service, Herbie DiFonzo. *See* Order No. 88–1522 (April 13, 1989); Public Defender Service Memo in Support of Motion to Dismiss at 2.

4. In his earlier motion to vacate sentence, plaintiff similarly argued that defendant Buchanan "failed to explore misidentification, failed to elicit or explore inconsistencies in the testimony of the Government's witnesses" and failed to "call a particular witness." July 26, 1990 Order at 11. These claims were deemed "frivolous" by Judge Cushenberry. *Id.* at 12. Plaintiff also charged that Buchanan failed to "obtain exculpatory statements made to his mother." This allegation was also found to be without merit. *Id.* at 11–12.

5. DiFonzo explains that he did not attack the validity of the transcripts or file a collateral attack alleging the ineffective assistance of trial counsel for her failure to raise an intoxication defense because "there was no evidence (and plaintiff has not alleged any) that the trial transcripts had been altered or that plaintiff had a viable intoxication defense." DiFonzo Motion to Dismiss at 1–2. DiFonzo further states that a review of the trial evidence "absolutely precluded the legitimate raising of a defense that plaintiff was so intoxicated that he could not be charged with having formed the specific intent

plaintiff alleged that "[d]efendant Rochon participated in the conspiracy by failing to properly investigate the case." Plaintiff sought hundreds of millions of dollars in relief, as well as a declaratory judgment. *Id.* at Count VI, p. 4–5.

On November 23, 1990, plaintiff filed a *pro se* motion to voluntarily dismiss defendants Rochon and D.C. Public Defender Service. That motion was treated as a praecipe of dismissal and was granted on November 27, 1990. An Order of February 12, 1991, granted the motion to dismiss of the Office of Bar Counsel based upon absolute immunity, granted the motions to dismiss of Buchanan and DiFonzo because plaintiff failed "to allege sufficient facts to establish that Buchanan and DiFonzo acted under color of state law," and dismissed plaintiff's complaint. *See Anderson v. D.C. Public Defender Service,* 756 F.Supp. 28, 30–31 (D.D.C.1991).

On February 25, 1991, plaintiff filed a notice of appeal "to the United States District Court Judge for the District of Columbia from the memorandum dismissing the plaintiff's complaint" and a "motion to stay judgment to appeal to the district judge pursuant to Rule 76 F.R.C.P." Rule 76 governs appeals from magistrate judges and is inapplicable to plaintiff's case. Nevertheless, this Court treated plaintiff's filing as a motion to reconsider under Rule 60(b), and denied the motion because plaintiff "failed to provide any substantially new evidence or legal authorities." Order of March 14, 1991.

On November 16, 1992, the Court of Appeals affirmed dismissal of the Office of Bar Counsel, vacated the portion of the February 12 Order that dismissed the claims against Buchanan and DiFonzo, and remanded this action for further proceedings, holding that "the heightened pleading standard" applicable in Section 1983 cases brought against public officials was not applicable to claims against those defendants. *Anderson v. D.C. Public Defender Service,* 980 F.2d 746 (D.C.Cir.1992). Plaintiff filed a motion for

leave to file an amended complaint on January 29, 1993. He also filed a motion to consolidate this matter with *Anderson v. Buchanan,* Civil Action No. 92–1709, because both cases "involve identical issues and questions of law and the same presiding judge and forum." Plaintiff's motion to file an amended complaint was granted, and an amended complaint was filed on February 5, 1993. Plaintiff's motion for consolidation was denied on March 11, 1993.

Plaintiff next filed an "affidavit for disqualification or recusal of Judge Louis F. Oberdorfer" on April 27, 1993. He filed discovery requests and a motion for default against two newly named defendants—Judge Reggie B. Walton (the presiding judge in plaintiff's criminal trial) and Jerry Massie (the prosecuting U.S. Attorney), who had not answered the amended complaint. On May 28, 1993, plaintiff filed a "motion for reassignment to successive trial judge." Another such motion was filed on June 7.[6] On June 16, 1993, plaintiff's motions for disqualification or recusal and for reassignment were denied, together with his motion for default judgment. The claims against defendants Walton and Massie were dismissed based upon absolute immunity, the motions to dismiss filed by defendants Buchanan and DiFonzo were granted because plaintiff "alleged *no facts*" demonstrating that there existed a conspiracy with government officials or that defendants acted under color of state law, and plaintiff's amended complaint was dismissed with prejudice. Memorandum and Order of June 16, 1993 (emphasis in original).

Also on June 16, this Court noted that plaintiff had filed 33 complaints "against a variety of prosecutors, defense counsel (including the Public Defender), judges, [and] the Bar Counsel of the District of Columbia Bar," and "appeals and applications to the Court of Appeals for writs of mandamus as well as filing charges with the Chief Judges of this Court and the Circuit, seeking reassignment of his cases or recusal of judges."

required by some of the charges." Memo in Support of Motion to Dismiss at 5.

**6.** Plaintiff also filed motions to transfer this action to claims court on November 5, 1993 and on

November 26, 1993. Both motions were denied. Plaintiff's January 29 motion for expeditious process of complaint was denied on January 31, 1994.

Injunction Order of June 16, 1993, at 1. This Court also held that:

[e]xcept for the instant case, which was remanded by the Court of Appeals and is hereby dismissed after reconsideration, *none* of [plaintiff's] complaints or appeals have been found to have merit. Whatever may have been the basis for plaintiff's original claims, their *repetition after rejection has no tenable basis,* is *demonstrably frivolous,* and is an *abuse of the processes of this Court.*

*Id.* (emphasis added). Plaintiff was accordingly enjoined "from filing any new complaint or petition for relief in the United States District Court for the District of Columbia without first moving for leave of court to file." *Id.* at 2. Plaintiff was further instructed to attach to each complaint or petition for relief a copy of the Injunction, together with a motion captioned "Application Pursuant to Court Order Seeking Leave to File," which demonstrated: "(a) that his claim or claims are neither frivolous nor taken in bad faith; (b) a tenable basis for each claim; and (c) why each claim is not precluded by his previous suits." *Id.* The Order further advised plaintiff that "[f]ailure to comply strictly with the terms of th[e] injunction itself shall be sufficient grounds for denying leave to file." *Id.*

On June 28, 1993, plaintiff filed a notice of appeal "from the memorandum and permanent injunction." On October 12, 1993, the Court of Appeals affirmed the dismissal of plaintiff's amended complaint. That Court also vacated the injunction of June 16 and remanded for further proceedings because the record failed to reflect whether plaintiff had received "the requisite notice and opportunity to be heard" before the injunction was entered. *Anderson v. Buchanan,* No. 93–7116, 1993 WL 430945 (D.C.Cir., Oct. 12, 1993).

Thereafter, plaintiff filed a motion requesting the appointment of a special master and appointment of counsel, and a motion for summary judgment. An Order of December 22, 1993, denied plaintiff's requests for a special master and for summary judgment,

granted his request for appointment of counsel, and set a briefing schedule with respect to whether plaintiff should be enjoined from filing new complaints or petitions for relief without prior leave of court. A hearing was held on May 31, 1994.[7] In sum, plaintiff's position is that the injunction is inappropriate because many of his complaints "have raised legitimate grievances and are not so lacking in merit as to be patently frivolous." Pl's Memo in Response to Show Cause Order, at 2. In the alternative, plaintiff argues that he should "be permitted to raise claims based on new claims or facts not previously considered or disposed of by a federal court without the need of first seeking leave of Court." *Id.* at 2–3.

II

It is axiomatic that "prisoners have a constitutional right of access to the courts." *Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977). That "right of access to the courts, however, is neither absolute nor unconditional." *In re Green,* 669 F.2d 779, 785 (D.C.Cir.1981). Although limitations on free access to the courts should be the exception to the rule, reasonable restrictions may properly be imposed in certain circumstances. "[I]t is now well settled that a court may employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of justice." *Urban v. United Nations,* 768 F.2d 1497, 1500 (D.C.Cir.1985). It has also been held that "[f]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re Martin–Trigona,* 737 F.2d 1254, 1261 (2d Cir.1984), *quoted in Stich v. United States,* 773 F.Supp. 469, 470 (D.D.C.1991), *aff'd,* 976 F.2d 1445 (D.C.Cir.1992).

Our Court of Appeals has held that when contemplating issuing an injunction in a case such as this, "it is incumbent upon the district court to make substantive findings as to the frivolous *or* harassing nature of the liti-

---

7. On April 29, 1994, the Court of Appeals denied plaintiff's petition for writ of mandamus. *In re* *Anderson,* No. 94–5089, 1994 WL 173883 (D.C.Cir., April 29, 1994).

gant's actions." *In re Powell,* 851 F.2d 427, 431 (D.C.Cir.1988) (emphasis added).[8] This Court is, therefore, required to "discern if the litigant is filing numerous, similar complaints, and whether the litigant is attempting to harass a particular adversary." *Id.* In making such an assessment, the Court of Appeals has instructed that "[b]oth the *number* and *content* of the filings bear on a determination of frivolousness or harassment." *Id.* at 434 (emphasis added).

## A

Although there has been some dispute about the number of cases plaintiff has actually filed in the federal district courts in the District of Columbia, it is certain that plaintiff has filed at least 31 cases with this Court, 30 of which were filed between 1990 and 1994.[9] Nevertheless, an injunction should not issue for "mere litigiousness alone." *Id.* In accordance with the mandated procedure, this Court has scrutinized plaintiff's litigation history in this forum. A sample of plaintiff's legal activities is next described.

At the outset, it is abundantly clear that anyone who has had any contact with plaintiff's legal matters is a likely candidate to become a defendant in a subsequent suit. Plaintiff has sued at one time or another nearly every actor in the criminal justice system, usually raising unsupported allegations of some conspiracy to deprive him of his rights. Among those who have come under attack by plaintiff are: several District Courts; Judges in the Superior Court and Federal District Court; the Administrative Office; virtually every lawyer who has been appointed to represent plaintiff in connection with his criminal case and subsequent convictions and appeals; the U.S. Attorneys' Office and several Assistant U.S. Attorneys; clerks at the United States Supreme Court, the United States Court of Appeals for the District of Columbia, and the District of Colum-

bia Court of Appeals; a court reporter; a courtroom deputy; the D.C. Public Defender Service; and D.C. Bar counsel. Several of the above-noted defendants have been sued by plaintiff on numerous occasions; Assistant U.S. Attorney Jerry Massie, for example, has been sued on three occasions for his involvement in plaintiff's trial in Superior Court,[10] and plaintiff's appointed trial and appellate counsel have each been sued by plaintiff multiple times.

Plaintiff's propensity for recycling and repackaging claims has not gone without notice. This Court earlier determined that "[t]he facts alleged and claims raised" in *Anderson v. Buchanan,* Civil Action No. 92–1709, were "identical to those dismissed for failure to state a claim" in *Anderson v. D.C. Public Defender Service,* Civil Action No. 91–7040. Order of April 26, 1993 in *Anderson v. Buchanan,* at 1. Buchanan, DiFonzo, D.C. Public Defender Service, D.C. Bar Association and the D.C. Office of Bar Counsel, defendants in this action, were all named as defendants in *Anderson v. D.C. Public Defender,* as well. Plaintiff concedes that he alleged nearly identical claims against the same defendants sued in the instant case in *Anderson v. Buchanan. See* Transcript of May 31, 1994, hearing at 10. Each of these cases related to plaintiff's criminal conviction. Furthermore, many of the *same* claims against the *same* defendants had previously been deemed frivolous by Judge Cushenberry when plaintiff raised them in Superior Court in a motion to vacate sentence. *See* n. 4, *supra.*

In addition, plaintiff asserted that he was denied effective assistance of counsel in a habeas corpus petition styled *Anderson v. Ridley,* Civil Action No. 91–182. In his petition, plaintiff also asserted bias on the part of his trial judge, and argued that the government failed to disclose evidence to him.

---

**8.** Although pending actions can be reviewed to determine similarity to other actions, "it would be inappropriate to characterize pending claims as frivolous except to the extent that they are similar to ones already so characterized." *Id.,* 851 F.2d at 431.

**9.** The case names and numbers are set out in Appendix A hereto.

**10.** *See Anderson v. D.C. Public Defender Service, et al.,* Civil Action No. 90–2090; *Anderson v. United States, et al.,* Civil Action No. 90–2276; *Anderson v. United States Attorney's Office, et al.,* Civil Action No. 91–2262.

Judge Hogan dismissed the action for lack of subject matter jurisdiction, since plaintiff's motion to vacate sentence based on ineffective assistance, prosecutorial misconduct and inaccurate trial transcript had not yet been decided by the Superior Court. Order of April 22, 1991.[11] As previously noted, the Superior Court found plaintiff's claims to be without merit. *See* page 664, *supra.*

Plaintiff complained about his court-appointed counsel in yet another case, *Anderson v. Cubriel,* Civil Action No. 92–1927. There plaintiff pressed allegations of "ineffectiveness of *appellate* counsel for failure to petition the court in the trial court level to address his claim of ineffectiveness of *trial* counsel." Motion to Vacate Sentence at 5–6 (emphasis added). Despite the extraordinary amount of judicial resources that had already been expended with regard to plaintiff's various attacks on his conviction, plaintiff has also asserted an "inordinate delay of more than (40) forty months to deprive him of due process ... to resolve ineffectiveness of appellate counsel." *Id.* at 6.

Undaunted by the dismissal of his claims in *Cubriel* and *Ridley,* plaintiff instituted *Anderson v. U.S. Attorney's Office, et al.,* Civil Action No. 91–2262. In that case, plaintiff sued the prosecuting attorney at plaintiff's criminal trial, the attorney who defended against plaintiff's motion to vacate sentence, and the U.S. Attorney's Office for failure to properly supervise those attorneys, alleging that the defendants conspired to withhold information which would show bias on the part of the trial judge. On January 11, 1993, that action was dismissed for failure to state a claim upon which relief could be granted.

Plaintiff next alleged a larger, more broad-based conspiracy; this time, the purported conspiracy had been formed to interfere with plaintiff's court mailings with the ultimate goal being to deprive plaintiff of access to the courts. *See Ibrahim v. Thornburg, et al.,* Civil Action No. 91–2637. Those claims reappeared in *Anderson v. Administrative Office of the United States Courts, et al.,* Civil Action No. 92–1201, which was dismissed as frivolous. In *Administrative Office,* plaintiff sued all the judges of the Superior Court for the District of Columbia, the D.C. Court of Appeals, the U.S. Court of Appeals for the D.C. Circuit, and its clerks, the Administrative Office of the U.S. Courts, the U.S. Postal Service, a Justice Department attorney, the Mayor of the District of Columbia, and various other governmental departments. His complaint encompassed a "laundry list of alleged violations of plaintiff's access to the justice system." June 16, 1992 Order. In dismissing the case, this Court found that "the nature of the causes of action combined with plaintiff's prayer for one million dollars in compensation, combine to make a showing that the Complaint is frivolous." *Id.* at 1.

In *Thornburg,* plaintiff sued the Attorney General, the U.S. Court of Appeals, Supreme Court clerks, the Department of Justice, the FBI, the Administrative Office of the U.S. Courts, the D.C. Superior Court, the U.S. Court of Appeals, clerks from the Court of Appeals, the Mayor, the Postal Service, and the Office of Judicial Tenure, seeking one million dollars in compensatory damages and one million dollars in punitive damages against *each* defendant. Plaintiff once again raised various conspiracy theories. *Thornburg* was dismissed for failure to provide "a short and plain statement of the claim showing that the pleader is entitled to relief," pursuant to Federal Rule of Civil Procedure 8(a). Nevertheless, the claims asserted in that case were nearly identical to those asserted in *Administrative Office,* were similarly without merit, and rightfully *could have been* dismissed as frivolous.

After being transferred to a prison in Texas, plaintiff changed the targets of his conspiracy claims. In *Ibrahim v. U.S. District Court, et al.,* Civil Action No. 93–060, plaintiff sued courts in the Western District and Southern District of Texas, as well as the Fifth Circuit Court of Appeals, regarding his confinement conditions and trial proceedings, seeking $2,000,000 in compensatory and punitive damages. Plaintiff complained that the

---

11. The dismissal was affirmed by the Court of Appeals. See *Anderson v. Ridley,* No. 91–5293,

1992 WL 314018 (D.C.Cir., Sept. 17, 1992).

court had "done all things possible to undermine, subvert, and evanesce plaintiff's rights to res[or]t to redress of his grievance. The defendant[]s continue[] to erect barriers to deny him the right to petition the Court and have undermined his claims by purporting that the plaintiff's claims and standing to bring suit were without the Court's authority to entertain." Complaint at 2.

It was determined that the claims asserted by plaintiff in *U.S. District Courts* constituted no more than an "attempt to relitigate cases which ha[d] been decided by two U.S. District Courts in Texas," and an effort "to circumvent the doctrine of res judicata by naming the deciding courts as additional defendants." Order dated January 29, 1993, at 2–3. Judge Sporkin found that "[n]o factual allegations in the complaint support[ed] the allegation of conspiracy" involving the Texas Courts and defendants. To the contrary, "[t]he facts only support[ed] the notion that the Judges in each of those cases diligently worked on his complaints and decided them against him." *Id.* The Court then dismissed the action, holding that the "complaint bears no merit and is frivolous." *Id.* On March 4, 1993, Judge Sporkin denied plaintiff's motion for certification of appeal as frivolous, and the Court of Appeals held that the "district court correctly ruled that there is no basis" for the appeal. *Anderson v. U.S. District Courts,* No. 93–504489, 1993 WL 445080 (D.C.Cir., July 7, 1993).

Even plaintiff's most recent filings share a pattern of repetitiveness. In *Anderson v. United States,* Civil Action No. 94–22, plaintiff claims that he has been denied "expedit[i]ous appellate process." This claim is nearly identical to that asserted in *Anderson v. United States,* Civil Action No. 93–1057, which was dismissed for lack of jurisdiction.[12] In *Anderson v. Dowlut, et al.,* Civil Action No. 94–2805, plaintiff has once again sued his court-appointed lawyer and the D.C. Public Defender Service, along with the District of Columbia, seeking monetary damages because the attorney assigned to represent him at his post-conviction appeal in the D.C.

Court of Appeals allegedly failed to provide him with adequate legal representation.

In sum, five of plaintiff's complaints have been dismissed specifically on the basis of frivolousness: (1) *Ibrahim v. United States,* Civil Action No. 90–2579; affirmed in No. 91–5033, 1992 WL 142636 (D.C.Cir., June 19, 1992); (2) *Ibrahim v. Bergstein,* Civil Action No. 92–0810 was dismissed as frivolous *and* malicious; affirmed in No. 92–7253 (D.C.Cir., March 26, 1993); (3) *Anderson v. Administrative Office of U.S. Courts, et al.,* Civil Action No. 92–1201; mandamus denied in No. 92–8042, 1993 WL 98597 (D.C.Cir., March 25, 1993); (4) *Ibrahim v. District of Columbia,* Civil Action No. 93–0002, 1993 WL 30814 (Jan. 29, 1993); Court of Appeals denied leave to appeal *in forma pauperis,* finding "no basis for the appeal," in No. 93–7029, 1993 WL 328110 (D.C.Cir., July 7, 1993); and (5) *Ibrahim v. U.S. District Court, et al.,* Civil Action No. 93–0060; affirmed in No. 93–504489, 1993 WL 445080 (D.C.Cir. July 7, 1993), the appellate court again finding the appeal baseless. Moreover, on review, some of the lawsuits initiated by plaintiff which were dismissed on other grounds, could rightfully have been dismissed on the basis of frivolousness as well.

It is also worth noting that plaintiff's legal activities have not been limited to this forum. The United States Supreme Court has recognized plaintiff as a "prolific filer." In a May 2, 1994, Opinion, that Court limited plaintiff's ability to file any further extraordinary writs, observing that:

[i]n the last three years alone, [plaintiff] has filed 22 separate petitions and motions, including 3 petitions for certiorari, 6 motions for reconsideration, and 13 petitions for extraordinary writs.... Like the majority of his previous submissions to this Court, the instant petition for habeas corpus relates to the denial of petitioner's various postconviction motions by the District of Columbia Court of Appeals. *The current petition merely repeats arguments that we have considered previously and not found worthy of plenary review.*

---

12. In late 1994, plaintiff again asserted that his trial counsel provided ineffective assistance. The latest version of plaintiff's claim is found in a civil case now pending in the D.C. Superior Court. *See Smith and Anderson v. Buchanan, et al.,* Civil Action No. 94–11190.

*In re Grant Anderson,* —— U.S. ——, ——, 114 S.Ct. 1606, 1607, 128 L.Ed.2d 332 (1994) (emphasis added).

Plaintiff's profuse and meritless filings have also caused the District of Columbia Court of Appeals to order that its court clerk "not accept for filing any further petitions for extraordinary relief, civil appeals, appeals from denials of petitions for extraordinary relief, or collateral appeals taken from no. F7226–88 [resulting in plaintiff's criminal convictions] or motions in those cases without the payment of docketing and filing fees." Order Nos. 93–SP–1515, 94–SP–881, 94–SP–1078 (D.C.Cir., Oct. 20, 1994). Based on the foregoing, plaintiff's propensity for filing numerous and frivolous documents is manifest.

### B

When dealing with the issue of harassment, the analysis must focus on "the number and content of [plaintiff's] filings *and* the effect of those filings on the [defendants] and the district court." *In re Powell,* 851 F.2d 427, 433 (D.C.Cir.1988). The defendants in this case have perceived plaintiff's actions as burdensome and oppressive. Mr. DiFonzo, who served as plaintiff's trial counsel, has been a named defendant in two suits alleging ineffective assistance of counsel. His representation of plaintiff has been criticized and has been the subject of numerous petitions for relief filed by plaintiff on the ground of ineffective assistance of counsel, as well. *See* Transcript of May 31, 1994 Hearing, at 32–36.[13] Because he has appeared *pro se,* Mr. DiFonzo has "had to bear the burden of having this on [his] mind as well as physically having to deal with it for ... four or five years, since the allegation was first brought." *Id.* at 36. Mr. DiFonzo has been "upset" that his "ethics and 'his' professionalism have been challenged." *Id.* at 37.

Ms. Buchanan similarly has "had to devote substantial amounts of time over the four years that this case has been pending to securing legal representation, consulting with [her] attorneys and reviewing the numerous pleadings filed by Mr. Anderson and [her] attorney." Declaration of Buchanan at 1. Ms. Buchanan first felt "offended" by plaintiff's complaints and litigation, and "[e]ach subsequent pleading that he has filed has provoked a renewed sense of outrage." *Id.* at 2.[14] Plaintiff's actions have constituted "a distraction that has interfered with [Ms. Buchanan's] current professional duties and responsibilities." *Id.* She has had to reveal the status of the actions against her on two occasions, to her substantial embarrassment. "The frequent pleadings and multiple actions" filed by plaintiff "have been a constant source of anxiety and stress" in Ms. Buchanan's life. *Id.* She has been "intensely frustrated and annoyed about the time and effort [she has] had to devote to fighting Mr. Anderson's frivolous allegations." *Id.*

As unfortunate as it may be, there is no apparent end to the frustration and annoyance that may be foisted upon those who have served as plaintiff's appointed counsel. In late 1994, plaintiff once again sued Ms. Buchanan, along with the District of Columbia and the D.C. Public Defender Service, in Superior Court. In *Smith and Anderson v. Buchanan, et al.,* Civil Action No. 94–11190, plaintiff raises claims identical to those which have been dismissed in this case and in *Anderson v. Buchanan, et al.,* Civil Action No. 92–1709. Plaintiff again seeks millions of dollars in compensatory and punitive damages, and once again asserts that Ms. Buchanan failed to meet "reasonable standards of care and skill" in her representation of him at trial because she failed to raise the defense of intoxication on his behalf. Amended Complaint filed Nov. 21, 1994, at ¶¶ 10–12.

With respect to this Court, not only has plaintiff filed more than thirty different actions, he has filed repetitive motions for recusal, meritless motions for transfer, and made

---

13. In *Anderson v. United States,* Civil Action No. 94–0022, plaintiff represented that he had filed two habeas corpus petitions alleging ineffective assistance of trial and appellate counsel. *See* Complaint at 3.

14. Although Ms. Buchanan empathizes with plaintiff's "attempts to gain his freedom, even if those attempts involve challenging the quality of [her] performance, [she] find[s] Mr. Anderson's conduct insulting when the challenge is simply designed to obtain money." *Id.* at 2.

baseless complaints against law clerks, judges and other court personnel. In this case alone, plaintiff has filed two motions for appointment of master, two motions for transfer to claims court, and three motions for disqualification or recusal. In another case, plaintiff filed *five* motions for disqualification, and three mandamus petitions with the Court of Appeals, all of which were denied. *Anderson v. Bradford, et al.,* Civil Action No. 89–2776.[15] A careful review, taking into consideration the number, content and the effect of plaintiff's repetitive and frivolous complaints, and his profuse and meritless motions, leads to the conclusion that plaintiff's litigation tactics may be regarded as harassing behavior as well as frivolous pleading, either of which will support the imposition of a limiting device under the standards set by the Court of Appeals.

## III

Once it has been determined that injunctive relief is both necessary and proper to limit the effects of abusive litigant behavior, appropriate remedies must be fashioned. In *Urban v. United Nations,* a prolific filer of frivolous suits was enjoined by our Court of Appeals from:

> filing any civil action in this or any other federal court of the United States without first obtaining leave of that court. In seeking leave to file, [plaintiff] must certify that the claim or claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court. He must also certify that the claim or claims are not frivolous or taken in bad faith. Additionally, the motion for leave to file must be captioned "Application Pursuant to Court Order Seeking Leave to File." [Plaintiff] must either cite or affix a copy of [this] order to that motion. Failure to

comply strictly with the terms of this injunction will be sufficient grounds for denying leave to file.

*Urban v. United Nations,* 768 F.2d 1497, 1500 (D.C.Cir.1985). Such an injunction was found to "satisf[y] all relevant constitutional and statutory concerns" because it "in no way interferes" with the right to file "bona fide lawsuits; it merely requires that [plaintiff's] *pro se* complaints, accorded a traditionally liberal reading, raise at least a colorable claim." *Id.*[16] The injunction initially issued in this action on April 16, 1993, closely traces the *Urban* prohibition.

In another case involving a "frequent filer," the Court of Appeals instructed the district court to enter the following order:

> Petitioner may not file any civil action without leave of court. In seeking leave of court, petitioner must certify that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court. Upon a failure to certify or upon a false certification, petitioner may be found in contempt of court and punished accordingly.

*In re Green,* 669 F.2d 779, 787 (D.C.Cir. 1981).

The 1993 injunction imposed in this case, like the one imposed in *In re Green,* "is designed to curb [plaintiff's] abuse while observing [plaintiff's] constitutional rights of access to the courts," and does not constitute an undue obstacle to plaintiff's access to the court. *Id.* at 781. Moreover, the use of injunctions which are "either issue- or party-specific, and therefore based on notions of res judicata" has been adopted in this circuit "as a strong and sound judicial response to litigants who abuse the judicial process through repetitive filings." *Id.* at 787, n.

---

**15.** Plaintiff has recently filed in *Bradford,* a "Motion for Transcripts of Proceedings" in which he seeks the "entire transcript of all proceedings, from October 11, *1989,* up unto January 30, *1995."* Motion of February 21, 1995, at 1 (emphasis added). Plaintiff requests that the government provide these records (free of charge) so that he may seek appellate review of the following issues: "(1) abuse of discretion; (2) denial of

counsel; (3) denial of right to amend the complaint; (4) refusal of trial court to disqualify itself; (5) and, denial of appellate review more than two years." *Id.* at 2.

**16.** The Court of Appeals imposed similar certification procedures, and required a petitioner to obtain leave to file any notice of appeal or peti-

21.[17]  Indeed, it has been held that

> [a]part from the necessity of a case-by-case determination of poverty, frivolity or maliciousness, a court may impose conditions upon a litigant—even onerous conditions—so long as they assist the court in making such determinations, and so long as they are, taken together, not so burdensome as to deny the litigant meaningful access to the courts.

*Id.* at 786.

Even the federal law that permits a person to proceed *in forma pauperis* requires "that such person show by affidavit that he is unable to afford such fees or costs *and that the claim or defense is neither frivolous nor malicious.* 28 U.S.C. § 1915(a), (d)." *Id.* at 785. The restrictions imposed upon plaintiff's litigation activities by this Court have been appropriately "geared to discerning whether each claim presents a new nonfrivolous issue" under controlling law. *See id.* Requiring plaintiff to comply with the terms of the 1993 injunction, and to satisfy Section 1915 does not "preclude or even unduly burden" plaintiff from filing a "new and nonfrivolous complaint." *Id.* at 788. Such requirements merely attempt to guarantee that any complaint filed raises a new and *bona fide* claim. Accordingly, the previously imposed injunction shall remain in force.

It must also be noted that plaintiff has adopted a new litigation strategy in an apparent attempt to avoid compliance with the 1993 injunction. Although a veteran litigant, plaintiff has filed each of his most recent cases in an improper forum—the first in Eastern District of Virginia, and the second in the District of Maryland. Without notice of plaintiff's litigation history or the terms or existence of the 1993 injunction, those courts have each conditionally accepted plaintiff's complaint and have transferred the cases to this jurisdiction. *Anderson v. Dowlut, et al.,*

Civil Action No. 94–2805, was filed in the U.S. District Court for the District of Maryland and transferred by Memorandum Order dated December 13, 1994. *Anderson v. District of Columbia,* Civil Action No. 94–2687, was filed in the U.S. District Court for the Eastern District of Virginia and transferred by Memorandum Order dated November 29, 1994.

Because plaintiff has effectively circumscribed the injunction provisions, separate Orders will instruct the Clerk of Court to return to plaintiff his pleadings in the transferred cases, and the accompanying Order will instruct the Clerk of Court not to accept for filing any transferred actions without an appropriate Order of this Court.

### APPENDIX A

*Anderson v. Barry, et al.,* No. 89–0471

*Anderson v. Bradford, et al.,* No. 89–2776

*Anderson v. D.C. Public Defender Service, et al.,* No. 90–2090

*Anderson v. U.S. District Court, et al.,* No. 90–2261

*Anderson v. United States, et al.,* No. 90–2276

*Ibrahim v. United States,* No. 90–2579

*Anderson v. United States, et al.,* No. 90–2638

*Anderson v. Ridley, et al.,* No. 90–2773

*Anderson v. U.S.,* No. 90–2871

*Anderson v. Ridley,* No. 91–182

*Anderson v. D.C.,* No. 91–2261

*Anderson v. U.S. Attorney's Office, et al.,* 91–2262

*Ibrahim v. D.C., et al.,* No. 91–2263

*Ibrahim v. Thornburg, et al.,* No. 91–2637

*Ibrahim v. United States, et al.,* No. 91–2705

tion for relief in *Sindram v. Johnson,* No. 91–7110, 1993 WL 135959 (D.C.Cir. Apr. 20, 1993).

**17.** Similarly, in *Moy v. U.S.,* the Ninth Circuit modified an order entered by the district court that prevented plaintiff from filing any actions so that it prevented plaintiff from "filing any other claim based upon the facts and issues involved" in a previously dismissed suit. *Id.,* 906 F.2d 467, 470–71 (9th Cir.1990). Even though the appellate court found "no evidence on [the] record that [plaintiff] ha[d] a general history of litigious filing," it noted that plaintiff had "wasted a great deal of the district court's and defendants' time and money attempting to relitigate claims that the district court ha[d] already found [could] not be supported by the facts or the law." *Id.*

*Ibrahim v. D.C., et al.,* No. 92–428

*Ibrahim v. D.C., et al.,* No. 92–545

*Ibrahim v. Bergstein,* No. 92–810

*Anderson v. Admin. Office of U.S. Courts, et al.,* No. 92–1201

*Anderson v. Buchanan, et al.,* No. 92–1709

*Anderson v. Cubriel,* No. 92–1972

*Levi & Ibrahim v. D.C., et al.,* No. 92–2653

*Anderson v. Bates,* No. 92–2896

*Ibrahim v. District of Columbia,* No. 93–0002, 1993 WL 30814 (Jan. 29, 1993)

*Ibrahim v. U.S. District Court, et al.,* No. 93–0060

*Tarig & Ibrahim, et al. v. D.C., et al.,* No. 93–0266

*Anderson v. United States,* No. 93–1057

*Anderson v. United States,* No. 94–0022

*Anderson v. U.S. District Court, et al.,* No. 94–023

*Anderson v. Elzie,* No. 94–1769

*Anderson v. D.C., et al.,* No. 94–2687

*Anderson v. Dowlut, et al.,* No. 94–2805