**Larry M. WEST et al., Plaintiffs-Appellants,**

v.

**R. K. PROCUNIER, Director, California Department of Corrections, et al., Defendants-Appellees.**

**No. 71–1938.**

United States Court of Appeals, Ninth Circuit.

Dec. 15, 1971.

Ruchell Magee, in pro. per.; Lonnie E. Culver, in pro. per; Larry M. West, in pro. per.; Philip S. Ryan, San Francisco, Cal. (Co-counsel with West).

Evelle J. Younger, Atty. Gen. of Cal., Albert W. Harris, Jr., Asst. Atty. Gen., Clifford K. Thompson, Jr., Deputy Atty. Gen., San. Francisco, Cal., for defendants-appellees.

Before BROWNING, WRIGHT, and KILKENNY, Circuit Judges.

PER CURIAM:

Larry West, Lonnie Culver, and Ruchell Magee, inmates at San Quentin Prison, appeal from an order dated May 10, 1971, refusing to authorize the filing of their in forma pauperis civil rights complaint unless the claim of Magee is separated from the claim of West and Culver. Assuming, without deciding, that the order is appealable (*cf.* Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963)), we affirm.

Magee is currently awaiting trial in a California superior court. Responding to a series of in forma pauperis removal petitions and complaints filed in federal court,[1] the District Judge below entered an order on March 31, 1971, requiring that all of Magee's complaints "be lodged with the clerk and be considered by any judge of the Northern District (of California), and then filed only if they are found to have merit."

During the next month four more complaints and petitions, including the instant complaint, were received by the district court bearing Magee's name as one of several parties-plaintiff or filed by him on behalf of someone else. In response to this apparent effort to avoid the previous order, the District Judge entered the order which forms the basis for the current appeal:

> "In order to effectuate the purpose and intent of this court's previous order, Mr. Magee will be severed from the other plaintiffs in each of the complaints. To the extent that the complaints relate to claims of Mr. Magee, they will be processed pursuant to this court's March 31, 1971, order. The complaints of the other plaintiffs will be dismissed without prejudice. Such plaintiffs will be required to state their claims separate and apart from Mr. Magee."

There can be little doubt that the March 31 order was a valid exercise of the court's authority under 28 U.S.C. § 1915(a), which provides that a district court "may authorize" the commencement of a suit without the prepayment of fees. The order purports to do no more than permit pre-filing review of the complaints or petitions by a district judge, a procedure clearly contemplated under section 1915(a), and governed by the general principles announced in Williams v. Field, 394 F.2d 329 (9th Cir. 1968). *See also* Benn v. Borden's Starlac Dry Milk Product, 438 F.2d 523 (9th Cir.1971); Heiser v. Ellsworth, 416 F. 2d 19 (9th Cir.1969).[2]

Having concluded that the March 31 order is valid, it follows that the May 10 order is a proper exercise of the district court's authority to effectuate compliance with its earlier order. Accordingly, the order lodging Magee's complaint and refusing to file the complaint of West and Culver until they separate their claim from Magee is affirmed.

---

1. The order indicates that between January 1 and March 31, 1971, Magee had filed 10 complaints or petitions in the Northern District of California.

2. We have indicated that "the preferable procedure for the District Court to follow is to grant leave to proceed in forma pauperis if the requirements of 28 U.S. C.A. § 1915(a) are satisfied on the face of the papers submitted, and dismiss the proceeding under 28 U.S.C.A. § 1915 (d) if the court thereafter discovers that the allegation of poverty is untrue or the action is frivolous or malicious." Stiltner v. Rhay, 322 F.2d 314, 317 (9th Cir. 1963). As the cases cited in the text indicate, however, the failure to follow this procedure is not error under appropriate circumstances and, under the circumstances presented by Magee's numerous petitions and complaints, was not error here.