Anthony MARTIN–TRIGONA,
Appellant,

v.

UNITED STATES of America.

Anthony MARTIN–TRIGONA,
Appellant,

v.

U.S. FIDELITY &
GUARANTY COMPANY.

Nos. 84–5549, 84–5550.

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 2, 1985.

Decided Dec. 13, 1985.

Anthony R. Martin-Trigona, New York City, *pro se.*

Nathan Dodell, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., and

Royce C. Lamberth and R. Craig Lawrence, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee U.S. of America.

Mark W. Foster, with whom Edgar N. James, Washington, D.C., was on the brief, for appellee U.S. Fidelity & Guar. Co.

Before ROBINSON, Chief Judge, and WRIGHT and WALD, Circuit Judges.

Opinion for the court *per curiam.*

PER CURIAM:

In these consolidated cases this court confronts the litigious Anthony R. Martin-Trigona. *See In re Martin-Trigona,* 573 F.Supp. 1245, 1265 (D.Conn.1983) (discussing appellant's history of vexatious litigation), *aff'd in part, vacated in part, and remanded,* 737 F.2d 1254 (2d Cir.1984). In the present cases the District Court denied appellant's motions for leave to file complaints because he had failed to comply with the terms of an injunction issued by the United States District Court for the District of Connecticut. *In re Martin-Trigona,* 573 F.Supp. at 1267. Appellant raises several objections to the denial of his motions. Having considered each, we now affirm the District Court's denial of the motions.

As a result of appellant's litigious history, the United States District Court for the District of Connecticut enjoined him from filing further lawsuits unless he first moved the court in which he sought to file the suit for leave to file it. *Id.* at 1266. Appellant litigated the validity of that injunction in the United States Court of Appeals for the Second Circuit. *In re Martin-Trigona,* 737 F.2d 1254 (2d Cir.1984). That court modified certain provisions of the injunction and otherwise affirmed the District Court. 737 F.2d at 1264. According to the terms of the modified injunction, appellant must, among other things, attach an appendix to such motions listing the names of all cases previously filed by him against each and every defendant in the suit he wishes to file, must provide copies of the complaints in those cases, and must provide certified records of their disposi-

tion. *In re Martin-Trigona,* 592 F.Supp. 1566, 1571–1572 (D.Conn.1984).

Appellant argues that he was unable to comply with the injunction because at the time he filed the motions he was incarcerated and therefore was unable to obtain the required documents. We reject appellant's argument. As an initial matter, it is clear that appellant is barred from challenging the terms of the Connecticut injunction by the doctrine of claim preclusion. *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980); *Hardison v. Alexander,* 655 F.2d 1281, 1288 (D.C.Cir.1981); 18 C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 4406 at 45 (1981).

Even if claim preclusion did not apply, we find appellant's argument unconvincing on the merits. It is well settled that a court may employ injunctive remedies to protect the integrity of the courts. *Urban v. United Nations,* 768 F.2d 1497, 1500 (D.C.Cir.1985) (*per curiam*); *In re Green,* 669 F.2d 779, 787 (D.C.Cir.1981) (*per curiam*); *Ruderer v. United States,* 462 F.2d 897, 899 (8th Cir.), *cert. denied,* 409 U.S. 1031, 93 S.Ct. 540, 34 L.Ed.2d 482 (1972). Moreover, to the extent that appellant claims that changed circumstances make compliance with the injunction impossible, he is raising the argument in the wrong forum. *Walker v. City of Birmingham,* 388 U.S. 307, 318, 87 S.Ct. 1824, 1830, 18 L.Ed.2d 1210 (1966); *United States v. Partin,* 524 F.2d 992, 999 (5th Cir.1975), *cert. denied,* 425 U.S. 904, 96 S.Ct. 1493, 47 L.Ed.2d 753 (1976). Although technically in this instance this court may have the power to excuse compliance with the Connecticut injunction in light of changed circumstances, considerations of comity, consistency of treatment, and orderly administration of justice convince us that such an argument should have been directed to the District Court in Connecticut. *Mann Manufacturing, Inc. v. Hortex, Inc.,* 439 F.2d 403, 408 (5th Cir.1971); *Lapin v. Shulton, Inc.,* 333 F.2d 169, 172 (9th Cir.), *cert. denied,* 379 U.S. 904, 85 S.Ct. 193, 13 L.Ed.2d 177 (1964); 11 C. WRIGHT & A.

MILLER, FEDERAL PRACTICE AND PROCEDURE § 2961 at 611 (1973).

Finally, appellant's complaint against U.S. Fidelity & Guaranty Company is expressly barred by the terms of the injunction, absent leave of the Connecticut District Court. *In re Martin-Trigona, supra*, 592 F.Supp. at 1573. Since appellant has failed to comply with the injunction, the District Court's action was entirely proper.*

For the foregoing reasons, we affirm the District Court's denial of appellant's motions for leave to file complaints.

*Affirmed.*

---

* Under the terms of the first injunction appellant was completely barred from filing any action in any court of the United States arising out of the acts of any person or entity involved in any bankruptcy proceedings involving appellant or arising out of any litigation relating to such bankruptcy proceedings. *In re Martin-Trigona,* 573 F.Supp. at 1266–1267. The modified injunction barred appellant from filing any actions against any person or entity connected with his ongoing bankruptcy proceedings unless he first obtained leave of the United States District Court for the District of Connecticut. *In re Martin-Trigona,* 592 F.Supp. at 1573–1574. In either case his claim against U.S. Fidelity & Guaranty Company plainly could not properly be brought in the United States District Court for the District of Columbia.