**Rodney STICH, Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**Civ. A. No. 91–1432.**

United States District Court, District of Columbia.

Sept. 23, 1991.

---

**470**

Rodney Stich, pro se.

William J. Dempster, Asst. U.S. Atty., Washington, D.C., for the U.S.

## MEMORANDUM OPINION

SPORKIN, District Judge.

Plaintiff in this case is nothing if not a regular customer of the Federal court system. He is best called a "serial litigator." In the past three years he has filed over thirty pro se actions. Between 1984 and 1987 he filed at least seventeen suits and appeals in Federal court against his ex-wife, her attorneys, and the state and federal judges who had earlier ruled against him. He has been convicted of criminal contempt for violating a 1986 order by United States District Court Judge Milton Swartz. In the past four years, he has filed fifteen cases with this District Court[1] and eight appeals in the court of appeals for this circuit.[2]

Just three months ago, in June of this year, Judge Hogan dismissed with prejudice a complaint that made allegations of a secret scheme to continue the imprisonment of the 52 American hostages in Iran. Two weeks before that case was summarily dismissed by Judge Hogan plaintiff filed a virtually identical complaint. In over fifty rambling pages of often unintelligible claims, plaintiff alleges, "Smoking-gun evidence of the conspiracy defrauding the United States, through a scheme to deplete United States and NATO military supplies to delay the release of the American hostages by Iran." He claims there were "possible/probable" assassinations associated with this plot. He then alleges widespread federal crimes and corruption in the Justice Department and the federal judi-

ciary. He makes claims under a laundry list of federal statutes and constitutional provisions.

Plaintiff has shown an appalling lack of respect for the judicial branch by again bringing what appears to be the identical complaint not once but twice to this same Court. The defendants in this action have moved for a vexatious litigant order. In view of plaintiff's pattern of activity over the past years and especially over the past few months, this Court deems it appropriate to grant defendants' motion.

There is precedent for the entry of such an order in this circuit and in other circuits. The court of appeals for this circuit has affirmed injunctions restricting the ability of pro se plaintiffs to bring cases. *See In re Powell,* 851 F.2d 427 (D.C.Cir.1985); *Martin–Trigona v. United States,* 779 F.2d 72 (D.C.Cir.1985); *Urban v. United Nations,* 768 F.2d 1497 (D.C.Cir.1985). The second circuit explained why such orders are necessary when it wrote, "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. *In re Martin–Trigona,* 737 F.2d 1254, 1261–1 (2d Cir.1984), *cert. denied,* 474 U.S. 1061, 106 S.Ct. 807, 88 L.Ed.2d 782 (1986).

In the *Martin–Trigona* case, another vexatious litigant had plagued the district court of Connecticut and the second circuit with volumes of litigation. In upholding the district court's injunction, the second circuit wrote, "If such power [to protect Article III jurisdiction] did not exist, or if its exercise were somehow dependent upon the actions of another branch of government or upon the entitlement of a private party to injunctive relief, the independence and constitutional role of Article III courts would be endangered." *Martin–Trigona,* 737 F.2d at 1261.

In *Procup v. Strickland,* 792 F.2d 1069 (11th Cir.1986), the eleventh circuit echoed these reasons when it held that the district

---

**1.** *See* Appendix A.

**2.** *See* Appendix B.

court has authority to restrict a litigant's ability to bring law suits. In that case, the appellant had filed over 175 lawsuits in a single judicial district. This behavior consumed large amounts of court time, for, as the court said, "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time, whether the complaint is reviewed initially by a law clerk, a staff attorney, a magistrate, or the judge." 792 F.2d at 1072.

No matter how plagued the court might feel by the filing of numerous frivolous lawsuits by Mr. Stich, it would not issue an injunction restricting the filing of suits without a carefully reasoned basis for doing so. The court takes note of the opinion in *In re Powell*, 851 F.2d 427 (D.C.Cir.1988) where the court of appeals found that such injunctions should only be issued in "exigent circumstances" and as an exception and not a regular practice. This Court has found that Mr. Stich's actions are frivolous and constitute outrageous harassment of the named defendants. Mr. Stich has demonstrated that he lacks the ability to discern those matters which genuinely demand judicial attention from those so frivolous or duplicative as to be a hindrance to the court. Mr. Stich has not filed a single lawsuit in the past three years with merit. He has clearly abused the system, and

while he cannot be precluded from filing any future suits, he will be required to obtain leave of court before doing so. Accordingly, it is necessary that Mr. Stich obtain leave of court before filing any more suits pro se.

### ORDER

Upon consideration of the motion for an all encompassing vexatious litigant order filed on behalf of defendants Thornburgh, United States District Courts, United States Court of Appeals, and the United States and the entire record therein, it is this 20th day of September, 1991, hereby

ORDERED that defendants' motion is granted; and it is

FURTHER ORDERED that both cases be dismissed with prejudice; and it is

FURTHER ORDERED that plaintiff shall seek leave of this Court before filing any new civil action; that he shall certify that any such complaint raises new matters not pending before or decided on the merits by any federal court or if the suit raises issues that have been adjudicated or are otherwise pending, he must explain to the court why he intends to file another duplicative action; and that he shall truthfully so certify any complaint on pain of penalty of contempt of this Court.

### APPENDIX A

### Cases Filed By Pro Se Plaintiff Rodney Stich in United States District Court for the District of Columbia

| | Docket No. | Case Name |
|---|---|---|
| 1. | 87–2214 | *Stich v. United States of America* |
| 2. | 89–0170 | *Stich v. Kennedy* |
| 3. | 89–0470 | *Stich v. Rehnquist* |
| 4. | 89–1908 | *Stich v. United States of America* |
| 5. | 89–2060 | *Stich v. United States of America* |
| 6. | 89–2290 | *Stich v. United States of America* |
| 7. | 89–2940 | *Stich v. Lynch* |
| 8. | 89–2941 | *Stich v. Rehnquist* |
| 9. | 89–2973 | *Stich v. Thornburgh* |
| 10. | 89–2974 | *Stich v. United States of America* |
| 11. | 89–3350 | *Stich v. Thornburgh* |
| 12. | 91–1242 | *Stich v. United States of America* |

| Docket No. | Case Name |
|---|---|
| 13. 91–1432 | *Stich v. United States of America* |
| 14. 91–2143 | *Stich v. United States of America* |
| 15. 91–2281 | *Stich v. United States of America* |

---

## APPENDIX B

### Appeals Filed by Pro Se Appellant Rodney Stich in the United States Court of Appeals for the District of Columbia Circuit

| Case No. | Case Name |
|---|---|
| 1. 87–5262 | *Stich v. Department of Justice* |
| 2. 89–5163 | *Stich v. Kennedy* |
| 3. 90–5045 | *Stich v. Thornburgh* |
| 4. 90–5046 | *Stich v. Bush* |
| 5. 90–5047 | *Stich v. United States of America* |
| 6. 90–5048 | *Stich v. Rehnquist* |
| 7. 90–5049 | *Stich v. Lynch* |
| 8. 91–5234 | *Stich v. United States of America* |