983 F.2d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymond DOBARD, Plaintiff-Appellant,
v.
UNITED STATES DISTRICT COURT FOR the NORTHERN DISTRICT OF
CALIFORNIA, et al., Defendants-Appellees.
 No. 91-16640.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 13, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymond Dobard appeals pro se the district court's order denying him leave to file his complaint pursuant to a pre-filing order entered against Dobard in a previous action. The district court found that Dobard's complaint was frivolous. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion. Moy v. United States, 906 F.2d 467, 469 (9th Cir.1990). We vacate and remand.
 
 
 3
 Dobard's complaint alleged that he was denied access to the United States District Court for the Northern District of California on the basis of physical disability and race. Specifically, Dobard alleged that he is hearing impaired and the court failed to provide him with a computer-assisted transcription system or other assistance or accommodation to enable him to litigate his cases effectively. Dobard alleged that this violated section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and the equal protection clause of the fourteenth amendment. Dobard also alleged violation of his constitutional rights in connection with his rental property in Berkeley and Oakland.
 
 
 4
 Dobard has filed numerous previous actions alleging various constitutional violations in connection with his rental property. In Dobard v. City of Oakland, No. 88-4286-WWS (N.D.Cal. Dec. 6, 1989), which involved such issues, the district court entered a pre-filing order which provides in pertinent part: "plaintiff Dobard is prohibited from hereafter filing any motions in connection with this action and from filing any new complaints in the Northern District of California without leave of court." Relying on this order, the district court denied Dobard leave to file the instant complaint, finding that it was frivolous.
 
 
 5
 A litigant who is the subject of a pre-filing order can challenge it on direct appeal, see Moy, 906 F.2d at 469-70, or when it is enforced and the filing of papers is prevented, see West v. Procunier, 452 F.2d 645, 646 (9th Cir.1971) (per curiam). We have outlined specific requirements which district courts must follow before issuing a pre-filing order. De Long v. Hennessey, 912 F.2d 1144, 1147-48 (9th Cir.), cert. denied sub nom., De Long v. American Protection Servs., 111 S.Ct. 562 (1990). Specifically, (1) the plaintiff must be given notice and the opportunity to oppose the order, (2) there must be an adequate record for review, (3) the court must make substantive findings of frivolousness, and (4) the order must be narrowly tailored to curb the abuses of this particular litigant. Id.
 
 
 6
 Here, these requirements were not followed when the pre-filing order was issued. Although the court made substantive findings of frivolousness and developed an adequate record for review, the order was not narrowly tailored and it does not appear that Dobard was given notice and opportunity to oppose the order. See id. Accordingly, the order is not valid, and the district court should not have relied on it in denying Dobard leave to file the instant complaint. See id.; West, 452 F.2d at 646.
 
 
 7
 The district court also found that Dobard's complaint was frivolous pursuant to 28 U.S.C. § 1915(d). Section 1915(d) provides that a district court may dismiss sua sponte a frivolous in forma pauperis complaint. Neitzke v. Williams, 490 U.S. 319, 324 (1989). Here, however, Dobard was not proceeding in forma pauperis and section 1915(d) is not applicable. Moreover, the action does not fall within the "wholly insubstantial" doctrine. See id. at 327 n. 6; Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir.1985). Accordingly, we vacate and remand to the district court with instructions that Dobard be granted leave to file this complaint.
 
 
 8
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3