79 F.3d 1152
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Alfred BANKS, Plaintiff-Appellant,
v.
BANK OF COMMERCE; David H. Bartram; Bonnie J. Fago;
Patricia A. Hutchins; Business Real State
Brokerage Company; James W. Garvin;
Does 1 Through 30, inclusive,
Defendants-Appellees.
 No. 95-55274.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 12, 1996.*
Decided March 18, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alfred Banks appeals pro se the district court's order denying Banks leave to file an action under 42 U.S.C. §§ 1985 and 1986 against the Bank of Commerce and others alleging that employees of the Bank conspired to discriminate against him on the basis of race and national origin. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for abuse of discretion, see Moy v. United States, 906 F.2d 467, 469 (9th Cir.1990), and we vacate and remand.
 
 
 3
 On September 26, 1991, the district court issued an order enjoining Banks from filing future lawsuits in the district court without first seeking leave to file from the chief judge because the court deemed Banks a vexatious litigant.[1] According to the court's order, in addition to seeking leave to file from the chief judge, Banks must certify that the claims are not frivolous or taken in bad faith, and cite or affix a copy of the order to his motion requesting leave to file. Additionally, the court warned Banks that failure to comply with these requirements would be sufficient grounds to deny Banks leave to file.
 
 
 4
 In December 1994, Banks sought leave to file a complaint against the Bank of Commerce and others alleging, among other things, breach of contract, false promise without intent to pay, negligence and mutual mistake. Because Banks also alleged that employees of the Bank of Commerce conspired to discriminate against him on the basis of race and national origin, federal subject-matter jurisdiction was predicated upon 28 U.S.C. § 1343 and 42 U.S.C. §§ 1985 and 1986.
 
 
 5
 On January 24, 1995, the district court denied Banks's motion for leave to file his complaint. The court held that Banks failed to establish subject-matter jurisdiction because his conclusory allegations were insufficient to state a claim under sections 1985 and 1986. The court also held that Banks's failure to comply with the court's standing order requiring him to certify that the action was brought in good faith and to affix a copy of the order to his motion were additional grounds to deny leave to file.
 
 
 6
 On appeal, Banks challenges both the district court's pre-filing order and the district court's denial of his motion for leave to file a complaint. Because we conclude that the district court's pre-filing order must be vacated,[2] we need not address the district court's denial of Banks's motion for leave to file.
 
 
 7
 In De Long v. Hennessey, 912 F.2d 1144, 1149 (9th Cir.), cert. denied, 498 U.S. 1001 (1990), we stated that before entering a pre-filing order, the district court must (1) provide the litigant with adequate notice to oppose a pre-filing order before it is entered, (2) present an adequate record for review by listing the case filings that support the order, (3) make substantive findings as to the frivolousness or harassing nature of the plaintiff's filings, and (4) tailor the order to remedy only the litigant's particular abuses. See id. at 1146-48.
 
 
 8
 Here, the language of the district court's pre-filing order is substantially similar to the language of the pre-filing order in De Long which we held was overbroad because it enjoined a litigant from filing any future action without leave of the court. See id. at 1148 (holding that an order enjoining a litigant from filing "any further action" without first obtaining leave from the general duty judge was overbroad).
 
 
 9
 Accordingly, we vacate the district court's pre-filing order and remand for further proceedings.[3] See id.
 
 
 10
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Banks's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 According to the court's order, Banks had filed thirteen lawsuits that were unfounded over a two year period
 
 
 [2]
 We assume without deciding that we have jurisdiction over Banks's challenge to the pre-filing order. See e.g., West v. Procunier, 452 F.2d 645 (9th Cir.1971)
 
 
 [3]
 We note that the district court's pre-filing order indicates that the court appears to have met the remaining three guidelines under De Long