### In re Jonathan Wilson FILLBACH. Appellant.
### No. 99–15958.

United States Court of Appeals, Ninth Circuit.

Submitted June 13, 2000.[1]

Filed Aug. 18, 2000.

---

1. The panel unanimously finds this case suit-

able for decision without oral argument. See

Jonathan W. Fillbach, pro per, Petaluma, California, appellant.

Before: SNEED, KLEINFELD, and TASHIMA, Circuit Judges.

KLEINFELD, Circuit Judge:

This case is about whether a district court may dismiss a petition filed by a litigant in an effort to circumvent a vexatious litigant order entered against him in bankruptcy court.

Fed. R.App. P. 34(a)(2).

2. *Ferdik v. Bonzelet,* 963 F.2d 1258 (9th Cir. 1992). If we were to regard the dismissal as one pursuant to the court's "inherent power,"

## I.  FACTS

Between December 1997 and August 1998, Fillbach filed for bankruptcy three times. His petition was dismissed each time for failing to comply with virtually all the required forms and orders of the bankruptcy court. During his third case, Fillbach filed numerous, meritless motions for sanctions against his creditors. On September 11, 1998, Fillbach filed his fourth bankruptcy petition in nine months. Again, he failed to file the required schedules and a plan of reorganization. Instead, he filed 26 adversary proceedings objecting to non-scheduled claims and more meritless motions for sanctions against his creditors. By January 7, 1999, the bankruptcy judge had seen enough. After issuing an order to show cause and giving Fillbach an opportunity to be heard, the bankruptcy judge entered a vexatious litigant order against Fillbach that enjoined him from "fil[ing] a bankruptcy petition under any chapter in this district before January 1, 2000."

Fillbach did not appeal the order entered against him by the bankruptcy court. Instead, on April 12, 1999, he filed yet another bankruptcy petition, this time in district court. The district court promptly dismissed the action, noting that "Fillbach has been barred by the Bankruptcy Court from any future filings based on his abuse of filings in the past." The district judge wrote that "any future attempt to circumvent the order of the Bankruptcy Court barring future filings by him may result in sanctions." Fillbach appeals the district court's dismissal.

## II.  ANALYSIS

We review a dismissal for failure to comply with a court's order for abuse of discretion[2] and affirm. The question raised by this case is whether a district

the same standard would apply. *Cf. Hernandez v. City of El Monte,* 138 F.3d 393, 398 (9th Cir.1998) (reviewing a dismissal for "judge-shopping" made pursuant to the inherent powers of the court for abuse of discretion).

court can dismiss a petition that was filed in an attempt to circumvent a vexatious litigant order entered by a bankruptcy court. It can.

We have no reported cases in which a vexatious litigant filed in district court to avoid a bankruptcy court order. In the somewhat analogous circumstance of filing in one district court to avoid a vexatious litigant order in another, it is clear that a district court has authority to dismiss for that reason in appropriate circumstances.[3]

The case at bar differs from the cases cited in that Fillbach failed to comply with the order of an Article I court, rather than a co-equal Article III court. But that difference is illusory in that the same "considerations of comity, consistency of treatment, and orderly administration of justice"[4] support a dismissal here. While the district court did have jurisdiction over the petition under the applicable statute,[5] and the bankruptcy court could not bar the district court from entertaining a properly filed case, the fact that the district court was not bound by the order does not mean that it could not choose, in its discretion, to dismiss because the filing was an attempt to evade the order.

AFFIRMED.

---

3. *Martin–Trigona v. Shaw,* 986 F.2d 1384 (11th Cir.1993); *Martin–Trigona v. United States,* 779 F.2d 72 (D.C.Cir.1985).

4. *Martin–Trigona,* 779 F.2d at 73.

5. 28 U.S.C. § 1334(a) (1994).