**Rodney F. STICH, Plaintiff–Appellant,**

v.

**UNITED STATES GOVERNMENT, Defendant–Appellee,**

**Docket No. 03–6244.**

United States Court of Appeals, Second Circuit.

Sept. 3, 2004.

Rodney F. Stich, Alamo, CA, for Appellant, pro se.

John P. Cronan, Assistant United States Attorney (Meredith E. Kotler, Assistant United States Attorney, of counsel, David N. Kelley, United States Attorney for the Southern District of New York, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY., for Appellee.

PRESENT: CABRANES, STRAUB and WESLEY, Circuit Judges.

AMENDED SUMMARY ORDER

Plaintiff–Appellant Rodney F. Stich's complaint against the "U.S. Government," filed in September 2003, alleged "deep-seated misconduct," Appellant's Br. at i—including conspiracy, corruption and "cover-ups"—on the part of various government employees and agencies, including federal judges, prosecutors, and the Federal Aviation Agency. Stich alleges that such misconduct "enabled [among other things] hijackers to seize four airliners on September 11, 2001." *Id.* Stich brought suit pursuant to 18 U.S.C. § 4 (criminalizing the failure to make known to proper authorities any knowledge of the actual commission of a federal felony); 28 U.S.C. § 1361 (an action in the nature of mandamus to compel an officer, employee or agency to perform a duty owed); The Federal Tort Claims Act, 28 U.S.C. §§ 2671–80 ("FTCA"); and various other federal laws.

The District Court *sua sponte* dismissed Stich's complaint in an order entered September 25, 2003. The Court dismissed Stich's FTCA tort claims against the United States Government and its agencies on the basis that Stich had neither satisfied the requirements of the FTCA nor come within an exception to the doctrine of sovereign immunity. The Court dismissed Stich's 18 U.S.C. § 4 claims for a lack of standing. The Court charitably interpreted some of Stich's claims as having been brought pursuant to 42 U.S.C. § 1985—conspiracy by two or more persons to de-

prive him of the equal protection of the laws—and yet dismissed those claims as being vague and having no basis in fact as supplied by Stich.

The Court noted Stich's rich history of filing frivolous suits in various federal courts, as a result of which he had been enjoined from filing any civil actions in any federal court without leave (which Stich had neither requested nor received in the instant case) of the United States District Court for the Northern District of California. *See Stich v. Patel et al.*, No. C–86–0384 (N.D. Cal. June 6, 1986) ("[B]ecause [Stich] has overwhelmingly demonstrated that he is a vexatious litigant ... he is hereby enjoined from filing any civil actions in federal court without leave of court.").[1] Lastly, the Court declined to allow Stich to amend his complaint to cure defects before a *sua sponte* dismissal because it found that Stich had presented no arguably meritorious issue.

On appeal, Stich argues that, in its order of dismissal, the District Court (1) blocked reports of criminal activities in government offices; (2) violated multiple procedural due process rights; (3) violated multiple substantive due process rights; and (4) violated multiple federal criminal statutes.

Having carefully reviewed the record in this case, we can find no error and no violation of any statute or rule or any due process rights plaintiff may have—rather, only commendable patience and careful at-

tention to plaintiff's claims[2]—on the part of the District Court.

\*     \*     \*     \*     \*     \*

We have considered all of the appellant's arguments and hold that they are all without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED.**

---

1. In 1991, Stich was similarly enjoined by the United States District Court for the District of Columbia from filing *pro se* suits. *See Stich v. United States of America*, 773 F.Supp. 469 (D.D.C.1991) (calling Stich a "serial litigator," at 470, noting his "appalling lack of respect for the judicial branch," at 470, finding his actions to be "frivolous and constitut[ing] outrageous harassment," at 471, and deeming him a "vexatious litigant," at 471).

2. The District Court addressed Stich's claims on the merits, thereby pretermitting the question whether Stich is even entitled to have civil claims heard in federal court without having gotten leave from either of the two federal district courts that have enjoined him from filing such claims. In the future, we hope courts faced with injunctions limiting access to the courts by vexatious litigants will first address the applicability *vel non* of such injunctions.