Fred KNOX, Plaintiff—Appellant,

v.

John E. POTTER, Postmaster General; et al., Defendants—Appellees.

Nos. 04–15156, 04–15333.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.*

Decided May 16, 2005.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Fred Knox, Hayward, CA, pro se.

Abraham A. Simmons, Esq., USSF—Office of the U.S. Attorney, San Francisco, CA, for Defendants–Appellees.

Before: PREGERSON, CANBY, and THOMAS, Circuit Judges.

### MEMORANDUM **

Fred Knox appeals pro se the district court's entry of a vexatious litigant order and the district court's order granting defendants' motion to dismiss on res judicata grounds. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the vexatious litigant order for abuse of discretion, *De Long v. Hennessey,* 912 F.2d 1144, 1146 (9th Cir.1990), and the dismissal de

novo, *Western Radio Servs. Co. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir.1997). We affirm.

■ The district court did not abuse its discretion in issuing a vexatious litigant order against Knox as it narrowly tailored the order, detailed Knox's record of repeatedly relitigating the same controversy, and entered the order only after Knox filed a response to an order to show cause. *See id.* at 1147–48.

We reject Knox's contention that the district court's vexatious litigant order violates his due process rights. The order applies only to claims based on events that occurred before January 16, 2003, and will not impede his filing of complaints based on events after that date.

■ The district court properly dismissed Knox's action on res judicata grounds. *See Western Radio Servs. Co,* 123 F.3d at 1192 (doctrine of res judicata serves to bar a claim where there is an identity of claims, a final judgment on the merits and an identity of parties). Contrary to Knox's contentions, defendants established an identity of claims as Knox's current action arose from the same transactional nucleus of fact as his prior actions. *See Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201 (9th Cir.1982) (res judicata bars "all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties ... on the same cause of action.") (internal quotation omitted). Moreover, the district court's grant of summary judgment in favor of defendants in Knox's prior action constituted a final judgment on the merits. *See Hells Canyon Preservation Council v. U.S. Forest Serv.,* 403 F.3d 683, 686 (9th Cir.2005).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Knox's remaining contentions lack merit.

AFFIRMED.