**David KERSH, Plaintiff–Appellant,**

v.

**Julian COOK, Jr.; et al., Defendants– Appellees.**

No. 08–15077.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 11, 2009.*

Filed Aug. 19, 2009.

David Kersh, Honolulu, HI, pro se.

Margaret A. Nelson, Esq., Michigan Dept. of Attorney General, Lansing, MI, for Mike Talbot.

Jeffrey H.K. Sia, Esq., Ayabe Chong Nishimoto Sia & Nakamura Pauahi Tower, Honolulu, HI, for City of Southfield, Donna Beaudet, John Beras, Paul Condino, City of Livonia.

Warren Price, III, Esq., Margaret A. Nelson, Esq., Honolulu, HI, for Wendy Baxter.

Thomas E. Cook, Esq., Honolulu, HI, for American Express Company.

Lyle S. Hosoda, Esq., Raina P.B. Gushiken, Esq., Lyle S. Hosoda & Associates Queen Street Building, Honolulu, HI, for Delta Airlines, Inc., Leo Mullins, Gord Hamby.

Christopher J. Cole, McCorriston Miller Mukai MacKinnon, Honolulu, HI, for Southfield Board of Education, James Feil, Marlene Davis.

Howard F. McPheeters, Esq., Burke, Sakai, McPheeters, Bordner & Gilardy, Honolulu, HI, for Plunkett & Cooney, PC.

Before: KLEINFELD, M. SMITH, and IKUTA, Circuit Judges.

MEMORANDUM **

David Kersh appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging conspiracy to violate his civil rights. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's dismissal for failure to comply with a vexatious litigant order. *In re Fillbach*, 223 F.3d 1089, 1090 (9th Cir.2000). We affirm.

The district court did not abuse its discretion by dismissing Kersh's action as to the state and federal defendants because Kersh failed to comply with a vexatious litigant order entered against him by the Eastern District of Michigan. *See Kersh v. Borden Chem., A Div. of Borden, Inc.*, 689 F.Supp. 1442, 1452 (E.D.Mich.1988); *see also In re Fillbach*, 223 F.3d at 1090–01 (holding that a litigant may not avoid a

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

vexatious litigant order by filing suit in a different court).

The district court properly dismissed Kersh's action as to the remaining defendants for lack of subject matter jurisdiction. *See Franklin v. State of Or., State Welfare Div.,* 662 F.2d 1337, 1342 (9th Cir.1981) (recognizing that the district court may dismiss for lack of jurisdiction where federal claims are wholly insubstantial).

All pending motions are denied as moot.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.