**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTOLIN ANDREW MARKS, | No. 08-35837 |
| Plaintiff - Appellant, | D.C. No. 3:08-mc-05045-RSL |
| v. | |
| JENNINGS, Assistant Field Office Director of ICE; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, Chief District Judge, Presiding

Submitted November 17, 2009 [**]

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Antolin Andrew Marks, an immigration detainee, appeals pro se from the

district court's order dismissing, pursuant to a pre-filing review order, his action

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

tk/Research

brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review for an abuse of discretion.  *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056-57 (9th Cir. 2007) (per curiam) (entry of a pre-filing order against a vexatious litigant); *In re Fillbach*, 223 F.3d. 1089, 1090 (9th Cir. 2000) (dismissal for failure to comply with a vexatious litigant order).  We affirm.

The district court did not abuse its discretion by enforcing a pre-filing review order that had been issued after giving Marks notice and an opportunity to be heard, developing a record for review, making findings of previous harassment and frivolous filings, and narrowly tailoring the remedy.  *See Molski*, 500 F.3d at 1057 (explaining four factors district courts must examine before entering pre-filing review orders).

The district court did not abuse its discretion by dismissing Marks's action because he failed to comply with the pre-filing review order, which required him to submit an affidavit, signed under the penalty of perjury, verifying that he had not previously litigated any issues raised in his proposed complaint.

Marks's remaining contentions are unpersuasive.

**AFFIRMED.**