**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| FRED KNOX, | No. 12-16163 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-02596-EMC |
| v. | |
| PATRICK R. DONAHOE, Postmaster General, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted September 24, 2013[**]

Before:     RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Fred Knox appeals pro se from the district court's judgment dismissing his

employment action alleging discrimination, harassment, and retaliation in violation

of federal anti-discrimination laws.  We have jurisdiction under 28 U.S.C. § 1291.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

We review for an abuse of discretion a dismissal for failure to comply with a pre-filing review order, *In re Fillbach*, 223 F.3d 1089, 1090-91 (9th Cir. 2000), and review de novo a dismissal under Fed. R. Civ. P. 12(b)(6), *Wood v. City of San Diego*, 678 F.3d 1075, 1080 (9th Cir. 2012). We affirm.

The district court did not abuse its discretion by dismissing Knox's action because Knox conceded at a hearing that his complaint encompassed alleged discrimination starting in 1995, which was within the scope of the pre-filing review order, dated December 22, 2003, and he failed to comply with the pre-filing requirements. *See In re Fillbach*, 223 F.3d at 1090-91.

To the extent that Knox alleged a retaliation claim based on events after 2003, the district court properly dismissed for failure to state a claim under Rule 12(b)(6). *See Johnson*, 534 F.3d at 1121-22 (identifying circumstances warranting dismissal for failure to state a claim under Rule 12(b)(6)); *Ray v. Henderson*, 217 F.3d 1234, 1240, 1242-43, 1245 (9th Cir. 2000) (setting forth the elements of prima facie case of retaliation, including "adverse employment action" requirement, and of retaliatory harassment under Title VII); *see also Poland v. Chertoff*, 494 F.3d 1174, 1179-80 & n.1 (9th Cir. 2007) (discussing the elements of a retaliation claim under the Age Discrimination in Employment Act).

We decline to consider Knox's contentions regarding the validity of the pre-

filing review order because we reviewed and affirmed the order in a prior appeal. *See Knox v. Potter*, 130 F. App'x 918 (9th Cir. 2005).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**