**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| E. K. WADE, | No. 18-15081 |
| Plaintiff-Appellant, | D.C. No. 3:17-mc-80163-JD |
| v. | |
| ALEXANDER ACOSTA, Secretary; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Submitted June 12, 2018[**]

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

E. K. Wade appeals pro se from the district court's order denying Wade

leave to file a complaint pursuant to a vexatious litigant pre-filing order. We have

jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a pre-

filing order. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1056 (9th Cir.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

2007).  We affirm.

The district court did not abuse its discretion in declaring Wade a vexatious litigant and entering a pre-filing order against him.  *See id.* at 1057-61.  The court provided Wade with notice and an opportunity to respond, discussed Wade's numerous prior lawsuits, found the lawsuits to be frivolous and harassing, and narrowly tailored its order to address Wade's particular abuses.  *See id.*  Contrary to Wade's contention, the district court properly exercised its inherent power under the All Writs Act, 28 U.S.C. § 1651(a), to enter the pre-filing order.  *See Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999).

The district court did not abuse its discretion by declining to accept Wade's proposed complaints for filing because Wade's proposed complaints fall within the scope of the prefiling order entered against him.  *See West v. Procunier*, 452 F.2d 645, 646 (9th Cir. 1971) (concluding that an order refusing to authorize filing of complaint was a "proper exercise of the district court's authority to effectuate compliance with its earlier order").

**AFFIRMED.**