NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARC ANTHONY LOWELL ENDSLEY, AKA Marc Endsley, <br><br> Plaintiff-Appellant, <br><br> and <br><br> DARYL CARRUTHERS; TIMOTHY McWHORTER, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF CALIFORNIA, <br><br> Defendant-Appellee. | No. 21-55202 <br><br> D.C. No. 2:14-cv-03091-UA-SS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted February 15, 2022**

Before: FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Marc Anthony Lowell Endsley appeals pro se from the district court's order rejecting his habeas petition on the basis of a vexatious litigant order. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's application of a vexatious litigant pre-filing order. *Moy v. United States*, 906 F.2d 467, 469 (9th Cir. 1990). We affirm.

The district court did not abuse its discretion by rejecting Endsley's habeas petition because the proposed filing was within the scope of the district court's pre-filing order and Endsley failed to comply with the order. *See West v. Procunier*, 452 F.2d 645, 646 (9th Cir. 1971) (concluding that an order refusing to authorize filing of complaint was a "proper exercise of the district court's authority to effectuate compliance with its earlier order").

To the extent that Endsley now seeks to challenge the scope of the pre-filing order, that issue has been previously litigated and decided. *See Rebel Oil Co., Inc. v. Atl. Richfield Co.*, 146 F.3d 1088, 1093 (9th Cir. 1998) ("Under the doctrine of 'law of the case,' a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.").

**AFFIRMED.**

21-55202