**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 10 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EBENEZER K. HOWE IV; ROBERT McNEIL; MICHAEL ELLIS, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> JOHN G. ROBERTS, Jr., Chief Justice, U.S. Supreme Court; MILAN D. SMITH, Jr., Judge, U.S. Court of Appeals for the 9th Circuit; BRIDGET S. BADE, Judge, U.S. Court of Appeals for the 9th Circuit; MICHELLE T. FRIEDLAND, Judge, U.S. Court of Appeals for the 9th Circuit; MARY H. MURGUIA, Chief Judge, U.S. Court of Appeals for the 9th Circuit; SRIKANTH SRINIVASON, "Sri", <br><br> Defendants-Appellees. | No.   22-35349 <br><br> D.C. No. 1:21-cv-00175-BLW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted June 26, 2023[**]

Before:   CANBY, S.R. THOMAS, and CHRISTEN, Circuit Judges.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Ebenezer K. Howe, IV, Robert McNeil, and Michael Ellis appeal pro se from the district court's judgment dismissing their action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging denial of access to the courts. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal on the basis of judicial immunity, *Meek v. Cnty. of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999), and for an abuse of discretion its dismissal for failure to comply with a court order, *In re Fillbach*, 223 F.3d 1089, 1090-91 (9th Cir. 2000). We affirm.

The district court did not abuse its discretion by dismissing the claims brought by McNeil and Ellis because the complaint was within the scope of the pre-filing order and appellants failed to comply with its requirements. *See In re Fillbach*, 223 F.3d at 1090-91 (recognizing district courts' inherent power to file restrictive pre-filing orders, as well as their discretion to dismiss a complaint made in an attempt to evade such an order).

The district court properly dismissed the claims brought by Howe because defendants, all of whom are federal judges, are entitled to judicial immunity. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001) (recognizing that judges are generally immune from suit for money damages, and describing factors relevant to whether an act is judicial in nature and therefore subject to judicial immunity); *Atkinson-Baker & Assocs., Inc. v. Kolts*, 7 F.3d 1452, 1454 (9th Cir.

22-35349

1993) (recognizing that federal judges are absolutely immune from claims for declaratory and injunctive relief arising from their judicial acts). A party may challenge prior rulings only via appeal, not by suing the judges. *In re Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007).

All pending motions are denied.

**AFFIRMED.**