NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 18 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RONALD VAN HOOK,

               Plaintiff-Appellant,

    v.

STATE OF IDAHO; et al.,

               Defendants-Appellees.

No. 23-35457

D.C. No. 1:23-cv-00259-JCC

MEMORANDUM*

Appeal from the United States District Court
for the District of Idaho
John C. Coughenour, District Judge, Presiding

Submitted December 12, 2023**

Before:    WALLACE, LEE, and BUMATAY, Circuit Judges.

    Ronald Van Hook appeals pro se from the district court's judgment

dismissing sua sponte, pursuant to a vexatious litigant pre-filing order, his action

alleging various federal law claims arising out of prior federal and state court

proceedings. Van Hook also challenges the underlying pre-filing order, filed on

---

    *      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2). Van Hook's request for oral
argument, set forth in the opening brief, is denied.

January 25, 2023 and amended on June 21, 2023, in District Court Case No. 1:22-cv-00347-JCC. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Ringgold-Lockhart v. County of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (imposition of a pre-filing review order); *In re Fillbach*, 223 F.3d 1089, 1090-91 (9th Cir. 2000) (dismissal for failure to comply with a pre-filing order). We affirm.

The district court did not abuse its discretion by declaring Van Hook a vexatious litigant and entering a pre-filing review order against him because the district court provided Van Hook notice and an opportunity to oppose the order and amended order, compiled an adequate record for appellate review, made substantive findings of frivolousness or harassment, and tailored the amended order narrowly. *See Ringgold-Lockhart*, 761 F.3d at 1062 (setting forth requirements for pre-filing review orders).

The district court did not abuse its discretion by rejecting Van Hook's proposed complaint because the complaint was within the scope of the district court's pre-filing review order and Van Hook failed to comply with the pre-filing requirements. *See Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999) ("District courts have the inherent power to file restrictive pre-filing orders against vexatious litigants with abusive and lengthy histories of litigation . . . . Such pre-filing orders may enjoin the litigant from filing further actions or papers

2                                                                                          23-35457

unless he or she first meets certain requirements . . . .” (citation omitted)).

**AFFIRMED.**