**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  ROLAND MA, <br><br> _____ <br><br> ROLAND MA, <br><br> Petitioner-Appellant. | No. 23-35500 <br><br> D.C. No. 2:21-mc-00015-JCC <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted June 17, 2024**

Before:     CANBY, PAEZ, and SUNG, Circuit Judges.

Roland Ma appeals pro se from the district court's order denying him leave

to file a complaint under a vexatious litigant order.  Ma also challenges the

underlying vexatious litigant order, filed on February 9, 2021, in District Court

case no. 2:19-cv-01112-JCC.  We have jurisdiction under 28 U.S.C. § 1291.  We

review for an abuse of discretion.  *Ringgold-Lockhart v. County of Los Angeles*,

761 F.3d 1057, 1062 (9th Cir. 2014) (imposition of a vexatious litigant order); *In*

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*re Fillbach*, 223 F.3d 1089, 1090 (9th Cir. 2000) (dismissal for failure to comply with a vexatious litigant order). We affirm.

The district court did not abuse its discretion in declaring Ma a vexatious litigant and entering a pre-filing order against him because the district court provided Ma with notice and an opportunity to be heard, and Ma does not contest that the remaining requirements were met. *See Ringgold-Lockhart*, 761 F.3d at 1062 (setting forth requirements the district court must consider before imposing pre-filing restrictions).

The district court did not abuse its discretion in denying Ma's motion for leave to file a complaint because Ma failed to comply with the requirements of the vexatious litigant order entered against him. *See West v. Procunier*, 452 F.2d 645, 646 (9th Cir. 1971) (concluding that an order refusing to authorize the filing of a complaint was a "proper exercise of the district court's authority to effectuate compliance with its earlier order").

**AFFIRMED.**