NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

DEC 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TATYANA EVGENIEVNA DREVALEVA, | No. 22-16737 |
| Plaintiff-Appellant, | D.C. No. 3:22-cv-01984-EMC |
| v. | |
| DORIS NG, in both her official and individual capacities as an Attorney of the California Department of Industrial Relations; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward M. Chen, District Judge, Presiding

Submitted December 17, 2024**

Before:    WALLACE, GRABER, and BUMATAY, Circuit Judges.

Tatyana Evgenievna Drevaleva appeals pro se from the district court's

judgment dismissing her action alleging federal and state law claims. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Rule of Civil Procedure 12(b)(6). *Puri v. Khalsa*, 884 F.3d 1152, 1157 (9th Cir. 2017). We affirm.

The district court properly dismissed Drevaleva's claims for damages against the individual defendants in their official capacities as barred by the Eleventh Amendment. *See Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007) (Eleventh Amendment bars damages actions against state officials in their official capacities).

The district court did not abuse its discretion by denying Drevaleva's requests for leave to file post-judgment motions because the proposed filings were within the scope of the pre-filing order. *See Moy v. United States*, 906 F.2d 467, 469 (9th Cir. 1990) (standard of review); *West v. Procunier*, 452 F.2d 645, 646 (9th Cir. 1971) (concluding that an order refusing to authorize filing of complaint was a "proper exercise of the district court's authority to effectuate compliance with its earlier order").

Contrary to Drevaleva's contentions, the district court had personal jurisdiction because defendants appeared and filed a motion to dismiss. *See Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("A general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction.").

2                                                          22-16737

All pending motions and requests are denied.

**AFFIRMED.**