NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 23 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IVAN RENE MOORE,

  Plaintiff - Appellant,

  v.

WELLS FARGO BANK, N.A.; UNITED
STATES MARSHALS SERVICE; ASSET
RELIANCE, INC.; CRAIG
HANSEN; EDWARD D.
TESTO; GEORGE BARBOUR,

  Defendants - Appellees.

No. 24-3460

D.C. No. 2:17-cv-04828-ODW-GJS

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted September 17, 2025**

Before:    SILVERMAN, OWENS, and BRESS, Circuit Judges.

  Ivan Rene Moore appeals pro se from the district court's post-judgment

---

  *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  **    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Moore's request for oral
argument, set forth in his opening brief, is denied.

order rejecting his submissions pursuant to a vexatious litigant pre-filing review order. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *In re Fillbach*, 223 F.3d 1089, 1090 (9th Cir. 2000). We affirm.

The district court did not abuse its discretion by rejecting Moore's submissions because the proposed filings were within the scope of the district court's pre-filing order, and Moore did not comply with the order's requirements. *See West v. Procunier*, 452 F.2d 645, 646 (9th Cir. 1971) (concluding that an order refusing to authorize the filing of a complaint was a "proper exercise of the district court's authority to effectuate compliance with its earlier order").

A prior panel of this court affirmed the district court's imposition of the pre-filing review order, and we will not reconsider that decision. *See Moore v. Wells Fargo Bank, N.A.*, 749 F. App'x 624, 625 (9th Cir. 2019); *see also S. Or. Barter Fair v. Jackson County*, 372 F.3d 1128, 1136 (9th Cir. 2004) ("The law of the case doctrine . . . precludes a court from reexamining an issue previously decided by the same court . . . .").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Moore's motion (Docket Entry No. 7) for judicial notice is granted.

**AFFIRMED.**

24-3460