MEMORANDUM **
Appellant/Debtor Elva Haugen appeals pro se a decision of the United States Bankruptcy Appellate Panel for the Ninth Circuit (“the BAP”). The BAP affirmed an order (“Sanctions Order”) from the Bankruptcy Court for the District of Nevada (“bankruptcy court”), which struck Haugen’s prior filings seeking to reopen her bankruptcy case and imposed a sanction of $100 in accordance with the court’s April 20, 1995 order limiting Haugen’s filings (“pre-filing order”). Haugen contends that the bankruptcy court erred in refusing to reopen her case, enforce a 1994 order, and review certain state court records. Haugen also contends that the court erred in imposing the sanction. We affirm.
A. Reopening of the Bankruptcy Case, Enforcement of the August 10, 1994 Order, and Review of the State Court Records
Under the Federal Rules of Bankruptcy Procedure, an appeal must be initiated by *290 the filing of a notice of appeal with the clerk. Fed. R. Bankr.P. 8001. The notice of appeal must be filed within ten days of the issuance of the order being appealed. Fed. R. Bankr.P. 8002.
In this case, Haugen did not file a notice of appeal of the bankruptcy court’s September 27, 2005 order, which denied her request to reopen the case and to enforce the bankruptcy court’s August 10, 1994 order. She also did not file a notice of appeal of the bankruptcy court’s October 7, 2005 order, which denied her request to review the state court records.
The notice of appeal in this case applies only to the Sanctions Order of November 2005. In re Haugen, No. 94-20613 (Bankr.D.Nev. Nov. 15, 2005) (Notice of Appeal). This notice of appeal would be untimely if construed to include the September 27 and October 7 orders. Thus, we lack jurisdiction to review these issues. Anderson v. Mouradick (In re Mouradick), 13 F.3d 326, 327 (9th Cir.1994) (“The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court’s order.”).
B. Sanction
The pre-filing order complied with the factors outlined in De Long v. Hennessey, 912 F.2d 1144, 1147-48 (9th Cir.1990). Haugen received notice and a reasonable opportunity to respond to the estate trustee’s request for a limitation on her filings. She filed a motion opposing the request, and a hearing was held on the matter prior to the court’s issuance of the order.
Furthermore, Haugen’s history of numerous filings is evident from a review of the bankruptcy court’s docket, which shows the frequency of her motions and the court’s denial of or decision to strike almost all of them. The bankruptcy court also made “substantive findings” regarding the frivolousness of Haugen’s actions. Id. at 1148. The bankruptcy court found “that [Haugen] ha[d] filed numerous motions, many of which have been frivolous and have contained ‘nonsense.’ ”
Finally, the pre-filing order was tailored to fit Haugen’s “specific vice,” id., because it prohibited no more action than what was necessary to limit Haugen’s frivolous filings. The order did not apply to the submission of appeals and did not limit her filing of meritorious claims.
Before the bankruptcy court imposed the $100 sanction, it warned Haugen of her “pattern of violating rules and orders known and understood by [her].” However, Haugen ignored the warning and sought to file another document without obtaining court approval. By imposing the sanction in response, the bankruptcy court exercised its power to regulate Haugen’s activity in accordance with the prefiling order. In doing so, the bankruptcy court did not abuse its discretion.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.