
NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ARTEM KOSHKALDA,<br>　　　　　　Debtor. | BAP No. NC-23-1022-CBG<br><br>Bk. No. 18-30016 |
| ARTEM KOSHKALDA,<br>　　　　　Appellant,<br>v.<br>E. LYNN SCHOENMANN, Chapter 7<br>Trustee,<br>　　　　　Appellee. | MEMORANDUM* |

Appeal from the United States Bankruptcy Court
for the Northern District of California
Hannah L. Blumenstiel, Bankruptcy Judge, Presiding

Before: CORBIT, BRAND, and GAN, Bankruptcy Judges.

## INTRODUCTION

Chapter 7[1] debtor and appellant, Artem Koshkalda, appeals the
bankruptcy court's denial of his application for leave to file pleadings.
Previously, the bankruptcy court determined that Mr. Koshkalda was a

---

* This disposition is not appropriate for publication. Although it may be cited for
whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential
value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the
Bankruptcy Code, 11 U.S.C. §§ 101-1532.

vexatious litigant and entered a pre-filing order as a sanction. The pre-filing order required that Mr. Koshkalda submit an application before filing any pleadings demonstrating that the proposed filings were in good faith and were not for the purpose of harassment. Because the bankruptcy court did not err in finding that Mr. Koshkalda's proposed filings repeated arguments already raised and rejected, the bankruptcy court did not err in finding that the pleadings were not in good faith and for harassment. Accordingly, the bankruptcy court did not abuse its discretion in denying Mr. Koshkalda's application for leave to file pleadings. Therefore, we AFFIRM.

## FACTS

### A.    History

Because the parties are familiar with the facts and procedural history, there is no need to restate them in detail here except as necessary to the decision.

In September 2016, Seiko Epson sued Mr. Koshkalda and several other individuals and entities for trademark infringement, trademark counterfeiting, and related claims in Nevada district court. The Nevada district court entered orders prohibiting Mr. Koshkalda and the other defendants from continuing to engage in their wrongful conduct, as well as orders freezing and/or authorizing the seizure of most of Mr. Koshkalda's property, including several parcels of real estate and dozens of bank accounts. Mr. Koshkalda, however, violated several of the Nevada district

2

court orders and engaged in discovery abuses so severe that the district court imposed case-terminating sanctions and entered a default judgment in the amount of $12 million in favor of Seiko Epson.

In January 2018, Mr. Koshkalda filed a chapter 11 petition. On March 8, 2018, the court converted the case to one under chapter 7, after which a chapter 7 trustee was appointed. The trustee filed an application to employ Fox Rothschild LLP ("Fox") as general bankruptcy counsel disclosing that Fox concurrently represented Seiko Epson in unrelated matters. Mr. Koshkalda did not file an opposition to the application to employ Fox. The bankruptcy court approved Fox's employment after determining that Fox did not represent any interest adverse to the estate and was a disinterested person within the meaning of the Bankruptcy Code.

In June 2018, Seiko Epson obtained an order annulling the automatic stay. The order retroactively validated the Nevada district court's entry of the $12 million default judgment against Mr. Koshkalda and also permitted Koshkalda to proceed with his appeal from that judgment. The Ninth Circuit affirmed the district court's judgment.

In May 2018, Seiko Epson commenced an adversary proceeding objecting to Koshkalda's discharge under § 727 and seeking to except the judgment debt from discharge under § 523 ("Epson Adversary Proceeding"). In August 2018, Mr. Koshkalda's counsel withdrew and since then, Mr. Koshkalda has represented himself. In September 2019, the

bankruptcy court granted Epson summary judgment on its claims under §§ 727(a)(2)(A), (a)(3), and (a)(7).

During the pendency of the case, the trustee has liquidated over $5 million in estate assets, often over Mr. Koshkalda's objections. Indeed, unrestrained by counsel, Mr. Koshkalda mounted continuous and repetitive challenges to the trustee's administration of the estate. Mr. Koshkalda also began to attack the trustee and her counsel by belatedly challenging their employment and compensation. Mr. Koshkalda's unsuccessful challenges included: (1) a motion to disqualify Fox as trustee's counsel filed over a year after Fox's employment was approved, to which Mr. Koshkalda did not originally object despite notice; (2) objections to the trustee's and Fox's interim fee applications; (3) motions for authority to sue both the trustee and Fox in state court; (4) motions to vacate as void the order authorizing Fox's employment; and (5) various related reconsideration motions.

Mr. Koshkalda's frequent, meritless motions and oppositions caused the bankruptcy court to grant the trustee's motion to enter a pre-filing order against Mr. Koshkalda. The pre-filing order was largely upheld on appeal, with an order of limited remand to the bankruptcy court to remove merit screening from the pre-filing order and to narrow the reach of the pre-filing order to Mr. Koshkalda's main bankruptcy case and to the parties involved in the bankruptcy case. Upon remand, the bankruptcy court

imposed an amended prefiling order consistent with the BAP's decision. Mr. Koshkalda did not appeal the amended prefiling order.

On January 9, 2023, pursuant to the requirements in the amended pre-filing order, Mr. Koshkalda sought leave to file the following pleadings: (1) an opposition to the trustee's application for compensation; (2) an adversary complaint against the trustee, Fox, and Seiko Epson; and (3) an opposition to the trustee's final report.

The bankruptcy court denied Mr. Koshkalda's application ("Denial Order"). The bankruptcy court found that Mr. Koshkalda procedurally complied with the requirements of the amended pre-filing order. However, the bankruptcy court found that Mr. Koshkalda's anticipated issues and arguments had already been raised and disposed of by the court.

The bankruptcy court found that Mr. Koshkalda had already, albeit unsuccessfully, attempted to vacate the bankruptcy court's order approving Fox's employment and attempted to seek orders requiring the trustee and Fox to disgorge court approved fees. The bankruptcy court also found that Mr. Koshkala previously attempted to sue the trustee and Fox based on an "alleged lack of disclosure of an alleged conflict of interest on the part of Fox." Because the bankruptcy court found that Mr. Koshkalda's proposed filings were duplicitous and based on arguments previously rejected by the court, the bankruptcy court was unconvinced that Mr. Koshkalda's proposed filings were "in good faith and not for the purpose

of harassment." Accordingly, the bankruptcy court denied Mr. Koshkalda's application for leave to file the three pleadings.

Mr. Koshkalda timely appealed the Denial Order.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court abuse its discretion in denying Mr. Koshkalda's pre-filing application?

## STANDARD OF REVIEW

We review a bankruptcy court's refusal to accept a pleading in accordance with a pre-filing order for an abuse of discretion. *Haugen v. Isani (In re Haugen)*, BAP No. NV-05-1458-MoSMa, 2006 WL 6810994, at *2 (9th Cir. BAP June 15, 2006), *aff'd*, 243 F. App'x 288 (9th Cir. 2007) (decision to "strike the pleadings" pursuant to a pre-filing order is reviewed "for abuse of discretion"); *In re Brendan*, 683 F. App'x 640, 640 (9th Cir. 2017) ("We review for an abuse of discretion the application of a vexatious litigant order."); *Gilbert v. Hardee*, 10 F. App'x 599, 599 (9th Cir. 2001) (same). The bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). A bankruptcy court does not

abuse its discretion by denying a request for leave to file a proposed pleading that is "within the scope of the pre-filing order." *Erde v. Bodnar* (*In re Westwood Plaza North*), 730 F. App'x 547, 548 (9th Cir. 2018) (citing *West v. Procunier*, 452 F.2d 645, 646 (9th Cir. 1971) (the refusal to authorize filing of a complaint was a "proper exercise of the district court's authority to effectuate compliance with its earlier order")). A bankruptcy court's factual findings are reviewed for clear error. *Carrillo v. Su* (*In re Su*), 290 F.3d 1140, 1142 (9th Cir. 2002).

## DISCUSSION

The record demonstrates that Mr. Koshkalda's proposed pleadings would involve the same allegations and the same parties for which the vexatious litigant pre-filing order was issued. Accordingly, the bankruptcy court did not commit clear error in finding that Mr. Koshkalda's proposed filings were not in good faith and were for the purpose of harassment.

## CONCLUSION

Because Mr. Koshkalda did not satisfy the requirements of the pre-filing order, the bankruptcy court did not abuse its discretion in denying Mr. Koshkalda's application for leave to file pleadings. We AFFIRM.