NOT FOR PUBLICATION

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>ARTEM KOSHKALDA,<br>　　　　　　Debtor. | BAP No. NC-24-1022-FBG<br><br>Bk. No. 18-30016 |
| ARTEM KOSHKALDA,<br>　　　　　　Appellant,<br>v.<br>E. LYNN SCHOENMANN, Chapter 7<br>Trustee,<br>　　　　　　Appellee. | **MEMORANDUM***  |

Appeal from the United States Bankruptcy Court
for the Northern District of California
Hannah L. Blumenstiel, Bankruptcy Judge, Presiding

Before: FARIS, BRAND, and GAN, Bankruptcy Judges.

　　　Chapter 7[1] debtor Artem Koshkalda is a vexatious litigant. *See*

*Koshkalda v. Schoenmann (In re Koshkalda)*, 622 B.R. 749, 760-68 (9th Cir. BAP

2020). The bankruptcy court entered an Amended Pre-Filing Order that

requires him to meet certain requirements before he may file documents.

---

\* This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

He appeals the bankruptcy court's refusal to allow him to file a motion requesting information about his case from the chapter 7 trustee. We AFFIRM.

Mr. Koshkalda does not challenge the Amended Pre-Filing Order in this appeal. Rather, he contests the bankruptcy court's decision that he did not comply with it. We review this decision for abuse of discretion. *Haugen v. Isani (In re Haugen)*, BAP No. NV-05-1458-MoSMa, 2006 WL 6810994, at *2 (9th Cir. BAP June 15, 2006), *aff'd*, 243 F. App'x 288 (9th Cir. 2007); *see Hunt v. Goodrich (In re Hunt)*, 813 F. App'x 307, 308 (9th Cir. 2020) (discerning no abuse of discretion when the rejected document was within the scope of the pre-filing order).

The bankruptcy court correctly determined that Mr. Koshkalda's declaration in support of his application failed adequately to provide four of the six categories of information that the Amended Pre-Filing Order requires. Mr. Koshkalda's broad statements, essentially parroting the language of the Amended Pre-Filing Order, did not provide the specific information required by that order.

The bankruptcy court also found that Mr. Koshkalda's proposed motion was another means to harass the trustee, her professionals, and certain creditors. This finding was not clearly erroneous. We reject Mr. Koshkalda's argument that he had a proper reason to seek information about the status of his case because he thinks that certain orders that he wishes to appeal will not become final until his case is closed. But this

explanation does not hold water: he never identified those orders or explained why they are not currently appealable under the doctrine of "flexible finality" applicable to bankruptcy cases.

At oral argument, Mr. Koshkalda asked us to help him get his case closed. (His requests were confusing, but we think that is the gist of it.) We reject this request. Our job is to review decisions of the bankruptcy court, not to advise parties about how they might induce the bankruptcy court to grant the relief they want. We also reject any new argument that Mr. Koshkalda had not previously raised in the bankruptcy court or in his opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We AFFIRM.